H. W. MARTIN v. GRANDVIEW INDEPENDENT SCHOOL DISTRICT ET AL.

No. 4063. Decided December 20, 1924.

(267 S. W., 461).

1.—Election—Void and Voidable.

If an election to authorize a tax is void (one called by an authority having no right at the time to order it) a tax-payer may question its validity in a proceeding to restrain the collection of the tax. If merely irregular or voidable it can not be attacked in such a proceeding. (P. 294).

2.—Same—Taxation—Second Election.

A statute forbidding a second election to authorize increased taxation being held within a year from an unfavorable vote on a previous election, does not render the second election void because ordered before, but to be held after the year has expired. (Pp. 294, 295).

3.—Same—Case Stated.

A statute governing elections to authorize a tax in an independent school district provided that, in case the levy of such tax should be defeated, "no election for that purpose shall be ordered until after the expiration of one year from the date of the election." Before the expiration of the year a second election was ordered to be and was held at a date after the expiration of the year, and resulted in favor of the tax. The intent of the statute was merely to prevent the holding of a second election within one year, and the fact that it was ordered before the year expired, but to be held after, did not render the election void so that a tax-payer could enjoin collection. (Pp. 293-295).

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Johnson County.

The Supreme Court referred the question to the Commission of Appeals, Section A, for its opinion thereon, and here adopts same as the answer to the question certified.

*F. E. Johnson* and *J. B. Haynes,* for appellant.

When an election in an independent school district is held for the purpose of voting on the proposition of increasing the maintenance tax in such district, and said proposition is defeated, at such election, an order made by the trustees of such district thereafter for the holding of an election on the same proposition shall not be made until the expiration of one year from the date of the holding of the said previous election, at which such proposition was defeated; and when such order for such second election to be held in said School District is premature and void, then any such election held in pursuance of such order is void, and any tax levied on property in such district, based on said election, is illegal and void, and a suit by a tax payer of such district to enjoin the collection of said tax so levied, is authorized under the laws of this State, and is the proper remedy for the relief of any property-holding tax payer of such district. Article 2860 E. Vernon's Texas Civil & Criminal Statutes, 1922, Supplement; Same Statute, see Acts of 37th Legislature Regular Session, General Laws, Chap. 24, Section 22; Gilmore v. Waples, 108 Texas, 167, 188 S. W., 1037; Dobie v. Scott, 188 S. W., 288; State v. Houston Belt and Terminal Ry. Co., 166 S. W., 83; Williams, County Treasurer v. Carroll, 182 S. W., 29; Harris County v. Smith, 187 S. W., 701. General rules on construction of Statutes, see Art. 5502, Vernon's Sayles' Civil Statutes, 1914.

Art. 2860 E. Vernon's Texas Civil & Criminal Statutes, 1922, supplement, is mandatory. Seay v. State, 102 S. W., 1127; County Attorney v. Fairchilds, 159 S. W., 1000; Ex parte Randall, 98 S. W., 870.

Injunction is the proper remedy to prevent collection of taxes levied under a void election. Blessing v. City of Galveston, 42 Texas, 653.

This is the plain and unambiguous statement of the statute and is the plain and unmistakable meaning of the language used, and the only way for appellees to maintain their theory of this case is to read into the Statute in said proviso, above quoted, after the word "ordered", these words, "to be held".

*Goree, Odell & Allen,* for appellees.

The legality and regularity of an election held in an independent school district for the purpose of authorizing the levy of a main-

tenance tax by said district can be raised only by a contest of said election in the manner provided by law, and in the absence of such a contest a suit to enjoin the collection of the tax authorized by said election cannot be maintained. Coffman v. Goree Ind. School Dist., 141 S. W., 132; Moore v. Commissioners' Court of Titus County, 192 S. W., 805; Revised Civil Statutes of Texas, Article 3077; Miller v. State, 161 S. W., 128; Longmire v. State, 171 S. W., 1165; Rhodes v. State, 172 S. W., 252; State v. Edwards, 182 S. W., 817; 9 R. C. L., 995, 998, 1000, 1001; 20 C. J., 95, sec. 77; 69 Texas, 53; Hill v. Smithville Ind. Sch. Dist., 251 S. W., 211.

The election in controversy having been held more than one year after the preceding election at which the tax was defeated is not invalid by reason of the fact that the order for holding of said election was made within less than one year from the date said previous election was held. General Laws, 37th Legislature, Chapter 24, Section 22, Page 62; General Laws, 37th Legislature, Chapter 24, Section 2, Page 56; Parks v. West, 102 Texas, 11, 108 S. W., 466; Slate v. Mayor etc., of Blue Ridge, 113 Ga., 646, 38 S. E., 977; Keifer v. Board of Supervision, 109 Mich., 645 67 N. W., 981.

MR. PRESIDING JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This case is before the Court on certificate from the Court of Civil Appeals of the Second Supreme Judicial District. The essential facts may be succinctly stated as follows:

On September 27, 1921, by proper order theretofore made by the board of trustees, an election was held within and for the Grandview Independent School District of Johnson County, Texas, to determine whether or not the then existing special ad valorum tax of 50 cents on the $100.00 valuation of property should be increased. At this election the proposition to increase the tax was defeated. On August 28, 1922, the board of trustees ordered another election to determine whether or not such special tax should be increased to a rate not to exceed 80 cents on the $100.00 valuation of property. This second election was held September 28, 1922, and the proposition to increase the tax carried by a substantial majority.

This suit was brought by appellant Martin to obtain an injunction restraining the collection of the additional tax of 30 cents on the $100.00. valuation of certain property owned by him and situated in said school district. His contention is that because the second election was *ordered* by the board of trustees within less than one year after the date on which the first election was held, that such order was contrary to the provisions of the law with reference thereto, and therefore the election was void. It is the contention

of the school district that although the second election was ordered within less than a year after the first election was held, yet it was not void, because the election was *held* more than a year after the first election; and that the second election not being entirely void, it could not be attacked collaterally, and appellant had lost his right to complain by failing to contest the election as provided by statute.

It appears that each of the elections was held under and by virtue of Chapter 24 of the Acts of the 37th Legislature. Section 22 of that Act is as follows:

"Whenever the qualified property tax-paying voters of an independent school district shall desire to be submitted, at an election for that purpose, the question of the levy and collection of an annual ad valorem tax on the one hundred dollars valuation of taxable property of the district for the maintenance of the schools therein, a petition signed by twenty, or more, or a majority, of the qualified property tax-paying voters of such district shall be presented to the board of trustees, praying for an election upon the question so desired to be submitted, and it shall be the duty of the board of trustees to order an election substantially as in case of a bond election, and all other proceedings in respect to the question so submitted shall be in accordance with the provisions of this Act relative to independent school district bond elections; provided said petition shall designate either the specific rate of tax to be levied, or such rate of tax not exceeding one dollar on the one hundred dollars valuation of all taxable property within the district; and provided further that when a proposition to levy such a tax shall be defeated no election for that purpose shall be ordered until after the expiration of one year from the date of the election."

It is definitely settled that if the second election, under which it is sought to levy the additional tax upon appellant's property, was void, then appellant has the right to test the question of its validity in this proceeding and to restrain collection of the illegal tax. Parks v. West, 102 Texas, 11, 19, 111 S. W., 726.

It is also settled that if the second election was not void, but was merely irregular or voidable, its validity cannot be attacked in a proceeding of this kind. Coffman v. Goree Independent School District, 141 S. W., 106 (writ refused.)

We think it a correct rule that when the statute says a second election shall not be held within one year from the date of the first election, or the question shall not be again submitted within one year, then an election held more than a year after the first election is not void, although the order for such election was made within less time than a year after the first election. Slate v. Mayor, etc., of

Blue Ridge, 113 Ga., 646, 38 S. E., 977; Keefer v. Board of Supervisors, 109 Mich., 645, 67 N. W., 981.

Section 22 quoted above is only a part of the Act of the Legislature dealing generally with elections in common school districts and independent school districts for the issuing of bonds and the levy of taxes for maintenance purposes. It is therefore necessary to look to the whole Act to determine the intention of the legislature. It is a matter of judicial knowledge that heretofore in the matter of holding elections, where restraint was put upon the holding of a second election, the legislative declaration was to the effect that it should not be held within one year, or other designated period of time, from the date of the holding of the first election. Of course the purpose of such enactments is to prevent the agitation and expense incident to too frequent elections. It is the actual holding of the election, and not the mere ordering of it, which is calculated to inconvenience or disturb the voters. It was the holding of a second election within a less time than one year from the first election which the legislature no doubt intended to prevent. In Section 2 of the Act provision is made for elections in common school districts, and it is there provided that "not more than one such election shall be held within a year from the date of such election." There is no substantial reason why a different rule should apply to independent school districts than that applied to common school districts.

This being a certified question, involving the construction of a statute, it has been our privilege to discuss and thoroughly consider the matter with the Supreme Court. We are therefore prepared to state it as the settled opinion of the Court that a proper construction of Section 22 under review is that it was the intention of the Legislature to declare that no second election should be ordered to be held until after the expiration of one year from the date of the first election. This construction brings Section 22 into harmony with Section 2, and really reflects what had been the uniform policy in like matters before the enactment of this statute.

We therefore answer the question propounded by the Court of Civil Appeals by saying that the election of September 28, 1922, was not void.

The opinion of the Commission of Appeals answering certified questions adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.