**Abe WEINBERG et al., Appellants,**

v.

**L. D. MOLDER et al., Appellees.**

No. 3532.

Court of Civil Appeals of Texas.

Waco.

March 27, 1958.

Rehearing Denied April 24, 1958.

H. J. Loe, Fannin & Fannin, Fort Worth, for appellants.

R. A. Kilpatrick, Cleburne, John L. Sullivan, Denton, for appellees.

TIREY, Justice.

This is an appeal from an order denying application for writ of injunction. Appellants, who are taxpayers of the Burleson Independent School District located in Johnson and Tarrant counties, brought this suit on June 7, 1957 against the Board of Trustees of the School District, seeking both temporary and permanent injunctions, wherein they sought (1) to prohibit the issuance and sale of bonds authorized at a bond election held in the District on October 27, 1956; and (2) to restrain the school officials from collecting all school taxes in the School District for the year 1957. On June 25, 1957, a preliminary hearing was had before the Hon. Clarence Ferguson, Judge of the 77th Judicial District, who granted temporary injunction prohibiting the issuance and sale of the bonds during the pendency of the suit. Thereafter, on November 12, 1957, the case came on for trial on the merits before the Hon. Thos. C. Ferguson, Judge of the 33rd Judicial District, who, after hearing certain special exceptions urged by appellees, which were directed to the allegations contained in appellants' pleadings seeking to invalidate said bond election and restrain the issuance and sale of the bonds, was of the view that appellees' exceptions should be sustained, and the appellants having declined to amend, the court dismissed appellants' suit pertaining to said bond election. Thereafter the cause proceeded to trial, and after appellants had presented their evidence and rested, the appellees presented their motion for instructed verdict, which motion the court indicated would be overruled because the court was of the opinion that there were certain fact issues which should be submitted to the jury concerning the validity of tax assessments as to particular individuals because of excessiveness or lack of fair hearing before the Equalization Board, and thereupon the appellants requested the court to be permitted to waive any issues concerning individual citizens only and to have the motion determined solely upon the request for injunction as contained in their prayer (which was to the effect to declare all of the actions of the Tax Assessor and Collector and the Equalization Board for the School District in connection with the assessing and equalizing taxes for the year 1957 to be void, and to enjoin permanently all of the defendants from levying or collecting taxes for the year 1957 in said School District, and to enjoin the issuance and sale of the school bonds) set out in their Second Amended Original Petition, provided that such waiver and any action of the court should be without prejudice to any of the plaintiffs as individuals, and in respect to their own individual properties, or maintaining an action to cancel any tax lien or enjoin the enforcement thereof, or to defend against any tax suit brought for the

recovery of any taxes due the School District for the year 1957 upon the ground of invalidity of any assessment for that year. The parties thereupon stipulated that the court could pass upon appellees' motion for instructed verdict without submitting or considering any issues concerning the validity of any individual assessment, without prejudice to the rights of the individual, and that the plaintiffs' action be limited for this purpose to an action for the cancellation of the assessments as a whole, or enjoining of the assessments as a whole for the year 1957, or as applicable to the plaintiffs as a group. Thereupon the court sustained appellees' motion for instructed verdict and withdrew the case from the jury. The judgment in effect decrees that plaintiffs, who are appellants here, are not entitled to an injunction enjoining the levy and collection of taxes based on the actions and proceedings had and performed by the District's Tax Assessor-Collector and the Equalization Board for the School District in connection with assessing and equalizing taxes for the year 1957, or to recover any order or relief holding same to be void and of no force and effect or permanently enjoining the appellees from levying or collecting taxes for the year 1957 based upon the tax assessment and equalization proceedings heretofore had. The court's order then provides that each individual taxpayer shall have the right to maintain any action for the cancellation of lien or to enjoin the collection of the tax or to defend against tax suits based upon excessive valuation or denial of fair hearing or other invalidity of the individual's assessment for the year 1957. Appellants excepted to all of the foregoing actions that were adverse to them, and appellees excepted to all of the actions adverse to them, and the appellants gave notice of appeal to this court and have duly perfected their appeal.

Appellants say that the court erred (1) in dismissing appellants' cause of action insofar as they sought an injunction to prohibit the issuance and sale of the bonds; and (2) in instructing a verdict against appellants as to that part of their suit wherein they sought an injunction to restrain the collection of the 1957 school taxes.

It is the appellants' contention that their suit consists of two causes of action; the first one being one for injunction to prohibit the issuance and sale of school bonds, and the other to restrain the collection of 1957 school taxes.

Appellants went to trial on their second amended original petition. This petition alleges generally that appellants' grounds for injunction are to the effect that the bond issue was passed only because the voters of the School District were misled and fraudulently deceived into believing that only a slight increase in taxes would be necessary to support the bonds. We quote Sections 1 and 2 in Paragraph III of such pleading:

"(1) The bond issue was passed at the election held on October 27, 1956, because the qualified voters in the School District were misled into believing that only a slight increase in taxes would be necessary to support the bonds by newspaper articles and by statements of the officials of the School District. If the voters in the School District had known that in fact total taxes in the District would have to be increased about three times to support the bonds, the bond issue would have been defeated;

"(2) The officials of the School District knowingly and intentionally deceived the qualified voters of the District and induced them to vote for the bond issue held on October 27, 1956, by fraudulently misrepresenting to them and concealing from them the amount of taxes that would be required to support the bonds."

As we understand the record, the trial court sustained appellees' exceptions set out in subsections b and c in Paragraph VI and in subsection a of Paragraph VII

of defendants' First Amended Original Answer, and these exceptions are to the effect that if appellants' allegations are true, they are not entitled to any relief, because (1) the matters alleged as grounds for the injunction could have been considered only in an election contest filed within thirty days after the bond election, as provided in the Election Code; and (2) because HB 507, Ch. 214, Acts 55th Legislature, Regular Session, 1957, p. 440, (art. 2815g–51, Vernon's Ann.Civ.St.) in all things validated the bond election and precludes appellants from obtaining an injunction to prohibit issuance and sale of the bonds. We are in accord with the court's action in sustaining the foregoing exceptions, and since appellants declined to amend, the court had no other course than to dismiss this part of appellants' suit. In support of our views, we make the following comment: The bond election was held on October 27, 1956, and this suit was not filed until June 7, 1957, more than seven months after said election. Because such suit is in the nature of an election contest, and was filed more than thirty days after the return date of the election, the trial court had no jurisdiction under the provisions of the Election Code pertaining to election contests. Moreover, said election was in all things valid under HB 507, Ch. 214, Acts 55th Leg., 1957, p. 440, and art. 2815g–51, approved May 10, 1957, effective May 10, 1957, which date was prior to the institution of this suit. (See Election Code, arts. 9.03, 9.30 and 9.36, V.A.T.S.) As we understand our statute, notice of an election contest must be given within thirty days after the result of the election is announced, and such notice is mandatory and jurisdictional and cannot be waived. This rule was announced by the Galveston Court in Treaccar v. City of Galveston, Tex.Civ.App., 28 S.W.2d 887 in April 1930, and the Supreme Court refused writ of error, and it has not seen fit to change the rule there stated. See also Landrum v. Centennial Rural High School Dist., Tex. Civ.App., 134 S.W.2d 353 (writ dis. woj); Ramirez v. Zapata County Independent

School Dist., Tex.Civ.App., 273 S.W.2d 903 (no writ history); Adamson v. Connally, Tex.Civ.App., 112 S.W.2d 287 (no writ history); Yoakum County Gas Co. v. Dudley, Tex.Civ.App., 231 S.W.2d 997 (writ dis.); see also 16 Tex.Jur. 123, p. 157 for statement of the rule. Finally, art. 9.36 of our Election Code provides:

"The result of said contest shall finally settle all questions relating to the validity of said election, and it shall not be permissible to again call the legality of said election in question in any other suit or proceeding. If no contest of said election is filed and prosecuted in the manner and within the time herein provided for, it shall be conclusively presumed that said election as held and the result thereof as declared are in all respects valid and binding upon all courts, provided, that pending such contest the enforcement of all laws in relation to the subject matter of such contest shall not be suspended, but shall remain in full force and effect."

See Ramirez v. Zapata County Independent School Dist., supra, and Rawson v. Brownsboro Independent School Dist., Tex.Civ.App., 263 S.W.2d 578 (n. r. e.). Finally, as we understand our decisions, it is clear to us that in the absence of allegations of some matter that would make an election absolutely void, it is merely voidable, and irregularities in the election process can be raised only in a statutory election contest. That leads us to say that allegations of irregularities in the election process pertaining to a bond election or allegations of fraudulent or misleading statements made to voters, as alleged by appellants in this case, are a part of the election process just as much as notice of the substance of an election or any other preliminary matter would be a part of such election process. The entire election process is a proper matter for inquiry in a contested election. In the case of Slater v. Ellis County Levee Improvement Dist., Tex.Com.App., op. adopted, 120 Tex. 272,

36 S.W.2d 1014, 1016, which suit was by a levee district to recover delinquent taxes authorized by a bond election on lands within the levee district, the defendants attacked the validity of the bond issue and tax levy, alleging fraud in the election process at which the bonds were voted, to which allegations the levee district excepted on the grounds that the taxpayers could not, in a proceeding to collect taxes, contest the bond election, since such statutes provided an exclusive method of contesting the bond election. The Supreme Court in passing on this question said: "The remedy given by the statutes (articles 3041 to 3075) for contesting elections of this character for irregularities or fraud is exclusive of all others." Citing a long list of cases. Our Supreme Court has never departed from this doctrine. See art. 9.36, Election Code, supra; Turner v. Lewie, Tex.Civ.App., 201 S.W.2d 86 (writ dis.); see also 37 Tex.Jur., Schools, Sec. 125, p. 1003 for statement of the rule. See also Martin v. Grandview Independent School Dist., Tex.Com.App., opinion adopted, 114 Tex. 291, 267 S.W. 461. Accordingly, appellants' Point 1 is overruled.

We come now to a discussion of appellants' second point, which is to the effect that the court erred in instructing a verdict against them as to that part of their suit wherein they sought an injunction to restrain the collection of the 1957 taxes. We overrule this contention for reasons which we shall hereafter briefly enumerate.

First of all, as we understand appellants' pleadings, there is no allegation to the effect that all the assessments made by the School Board are absolutely void, nor that all the equalization procedures used by the Burleson Independent School District in determining taxable values for property within the district for the year 1957 were absolutely void. In all events, as we view the record, there is no allegation nor proof shown that there was such irregularity by the Assessor or the Board that would in effect invalidate all school taxes in said district for the year 1957. Nor have ap-

pellants shown that each of the appellants here has sustained substantial injury by reason of the assessment and equalization procedures used, which we believe is an indispensable requirement to the granting of any relief to appellants here as a group. It is true that in appellants' pleadings, in Paragraph 5, Subdivision 1, they allege: "The Tax Assessor-Collector of the District did not perform the functions and duties required of him by law in order for there to be a valid assessment." Needless to say, this is a very general allegation. Appellants, in their pleadings, do not challenge the validity of the appointment of the Tax Assessor-Collector of the School District, and we think we must assume that the Tax Assessor and Collector was at all times relevant to this suit the duly appointed, qualified and acting Tax Assessor and Collector of the School District. It is also without dispute that such Tax Assessor and Collector made an assessment of the taxable property in the District for the year 1957 upon such properties as were not rendered by the owners thereof after endeavoring to obtain renditions from the owners of such property. Moreover, appellants have not pleaded nor tendered testimony as to which of the individual appellants rendered their property for taxation or failed to do so and whose property was accordingly assessed by the Tax Assessor as unrendered property. The appellants here, in a group action, seek to invalidate all assessments of taxes in the district for the year 1957. That is to say, appellants have not sought to nullify only those assessments as were made upon unrendered properties by the Tax Assessor-Collector, but they also seek here to invalidate those assessments wherein renditions were made by the property owners themselves. They have not alleged that the individual appellants are divided into different categories, and by stipulation they have expressly waived any specific individual claims without prejudice to their individual rights to defend against a suit for taxes or to take action with respect to their individual assessments by separate action. This stipulation is embodied in the decree

of the court. Under the pleadings of appellants and under their stipulation and under the decree of the court, no categorical classification may be made of appellants by which relief may be granted to the appellants in one category and denied to those in another. The sole issue as made by appellants' pleadings and as stipulated by them is not whether there exists any irregularity that might affect the assessment of one or more taxpayer as individuals, but whether there exists any irregularity that invalidates all assessments in the school district for the year 1957. Needless to say that those taxpayers who signed rendition sheets with respect to their property cannot be heard to assert that such rendition was void or invalid. See State v. Houser, 138 Tex. 28, 156 S.W.2d 968; 40 Tex.Jur. Sec. 88, p. 125. In this connection we think we should say that the Tax Assessor-Collector has no power to control the rendition of property by the owner himself and has no power to refuse to accept the owner's rendition. See Republic Ins. Co. v. Highland Park Independent School Dist., Tex.Civ. App., 57 S.W.2d 627. (Notation: Refused. Dismissed.)

██ As we understand appellants' position, it is to the effect that the valuation of taxable property in the School District by the Tax Assessor-Collector for the year 1957 on a basis substantially the same as that used in prior years, constituted wrongdoing on the part of such Assessor, although appellants nowhere in their pleadings or their brief attack the method used in prior years or the valuation used in prior years. It is undisputed that the Tax Assessor-Collector, in making assessments for the year 1957, followed his normal procedure. He knew that tax valuations in the District would doubtless be increased by the Board of Equalization in view of the school building program which had been approved by the voters in the District by a large majority. The voters in the District were notified before the bond election that the annual valuation of tax property in the District would probably be approximately

six million dollars. This was shown by defendants' Exhibits 1, 2 and 3, "Shopper's Guide." The Tax Assessor-Collector was not a member of the Board of Equalization and could not legally serve thereon, but could give his opinion only when asked to do so. He was charged with the duty of accepting renditions from property owners and assessing unrendered property on a substantially fair and uniform basis, and he was not required to try to determine in advance what the ultimate final action of the Board of Equalization would be as to each individual parcel or item of taxable property or use the same as his basis for making assessment of unrendered property. As we understand appellants' position, they have not charged that such assessments made by the Assessor-Collector were not substantially fair or uniform or that the Assessor-Collector acted fraudulently in making such assessments, or that the assessments were grossly discriminatory toward the appellants as a group. Their contention that the assessments were too low in view of the ultimate action of the Board of Equalization is without any merit here, due to the fact that appellants did not and could not have suffered any injury thereby. As we understand our Supreme Court, in State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569, it says that the rule in Texas is that to obtain relief from a taxable valuation fixed according to some arbitrary or unlawful procedure, the taxpayer must show substantial injury, and in event of a group action, this substantial injury must be shown by competent evidence as to each taxpayer. Our Supreme Court has not departed from this doctrine. See City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414; Whelan v. State, Tex., 282 S.W.2d 378.

██ As we have stated before, the appellants did not plead any substantial injury to each of the appellants by reason of the assessment proceeding used by the Tax Assessor-Collector of the School District for the year 1957, and made no effort to prove such substantial injury to each of the individual appellants. Therefore, in the

complete absence of pleadings and proof of substantial injury to each of the appellants by reason of the assessments complained of, it is our view that the appellants are not entitled to any injunctive relief as a group, under the foregoing decisions. We are of the further view that the substantial injury rule as laid down by the Supreme Court in the Whittenburg, City of Arlington and Whelan cases, supra, applies with full force and effect to all acts of the Board of Equalization as well as the prior steps to the tax valuation process. In the Whittenburg case supra, we find this statement [153 Tex. 205, 265 S.W.2d 574]: "Under the late decisions of the courts of this state, * * * it is recognized that to obtain relief from a valuation fixed according to some arbitrary rule the taxpayer must show substantial injury."

In City of Arlington v. Cannon, supra [153 Tex. 566, 271 S.W.2d 417], we find this statement of the rule:

"The Board of Equalization did not follow the statutory mandates for arriving at the value of property. It ignored market value as the basis for valuation. Its procedures in this respect were wholly unlawful and fundamentally wrong. It is now settled, however, that to obtain relief from taxes arrived at through the use of an arbitrary, illegal and fundamentally erroneous plan of valuation, the taxpayer must show substantial injury." (Citing cases.)

On page 58 of appellants' brief we find this admission: "In the present case, appellants concede that the so called equalization board attempted to find market values." We think we should point out again that this suit is a group action wherein appellants seek to nullify all tax assessments of the School District for the year 1957 and restrain the collection of all taxes for such year. The appellants do not here contend that all taxpayers were denied a hearing before the Board of Equalization, nor have they named definitely any one whom they claim was not given a fair hearing by the Board. As we understand appellants' position, their complaints are limited to a few taxpayers, which in no case could constitute a cause of action to prevent the collection of all taxes in the District for the year 1957. The judgment of the trial court adequately protected any individual taxpayer since the judgment of the court was made without prejudice to the rights, if any, of any individual to attack his individual assessment in a suit to collect taxes or in a separate suit to restrain the collection of his individual taxes. Since each individual taxpayer has had preserved to him any legal right that he may have with reference to why his taxes have not been legally assessed for the year 1957, we see no further need to discuss the present situation that now obtains in the Burleson Independent School District. We think the action of the trial court was correct, and accordingly the judgment is in all things affirmed.

HALE, J., took no part in the consideration and disposition of this case.