Kenneth G. PHILLIPS, Appellant,

v.

TEMPLE INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 11104.

Court of Civil Appeals of Texas.

Austin.

May 29, 1963.

Joe Everton, Temple, for appellant.

Joe Carroll, Temple, for appellee.

ARCHER, Chief Justice.

This is an appeal from an order dissolving a temporary restraining order theretofore granted in a suit brought by appellant, as a tax-paying qualified voter against the Trustees of the Temple Independent School Board to prevent the Board from purchasing a tract of land on which to construct a high school.

The Board was authorized by voters of the District in a bond election to purchase the "American Legion site consisting of 48 acres more or less."

The voters authorized the issuance of bonds and the purchase of the Legion site, which on a survey was found to contain only 39.6 acres.

The case was tried by the Court without a jury and after a hearing at which evidence was adduced, the temporary restraining order was dissolved.

The appeal is founded on seven points assigned as error and are to the effect that the Court erred in dissolving the restraining order because the Board did not have power to change from the purchase of a 48 acre tract to a 39.6 acre tract, and to purchase the other tracts, one of which was not well drained and not sanitary.

Appellant contends that the 10 acre tract is used as a dump ground, that it is 10 to 20 feet higher than the Legion site and water drains to such site, which is not well drained and would not be a sanitary place.

Appellant testified that the tract was not well drained and that he had seen "elephants stuck down there at circuses." The witness stated that he did not charge the members of the Board with illegal or fraudulent acts, only of making a mistake; that he was interested in the school system, had served seven years as a trustee and was not questioning the bond issue in any manner.

Other witnesses testified that the 10 acre tract was a dump ground, but did not know

who used it, and that it was full of or covered with trash and junk.

Vale Logsdon, an architect employed to design and supervise the construction of the school plant, testified that he had gone over the Legion site and the 10 acre tract, had drilled test holes for foundations, had examined the logs with the construction engineer, found rock at a depth of 10 to 12 feet; that it was possible and feasible to plan and build a high school such as is contemplated by Temple; that the property is well drained, and the drainage from the 10 acre tract to the Legion tract would not constitute a health hazard; that excavation problems would not be greater than if built near the ball park and that taking into consideration modern engineering, architecture and building technique the land can be restored and drained and a good job had without any health hazard.

■■ The case was fully developed and the testimony was conflicting and was heard by the Trial Judge, who resolved the fact issues in favor of appellees, and we believe properly. There is no showing that the Trial Judge abused his discretion in entering the order appealed from.

■ Appellee says that subsequent to the granting of the motion to dissolve, the Board purchased the 39.6 acre tract, and the reversionary interest in the 2.2 acre tract, presently occupied by the County buildings, received a deed and has paid the consideration and has located the high school plant at the American Legion site and employed an architect to plan, supervise and accomplish the construction of the school. This is verified by the affidavit of John F. Sammons, President of the School Board. Appellee contends that the issues in this case are moot and the cause should be dismissed.

We believe that the issues as concern the purchase of the Legion tract and the 2.2 acre tract are moot and that the cause should be dismissed. In any event the Trial

Court did not abuse its discretion in entering the order appealed from. Rudd v. Wallace et al., Tex.Civ.App., 232 S.W.2d 121; Weinberg v. Molder, Tex.Civ.App., 312 S.W.2d 393, er. ref., n. r. e.

The judgment of the Trial Court is affirmed.

Affirmed.