

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 2, 1967

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. M-114

Re: Whether a County Tax Assessor
is authorized to require a tax-
payer to use tax rendition forms
prescribed by the County Tax
Assessor in rendering property
for taxation.

Dear Mr. Resweber:

In a recent letter to this office you have requested an opinion in regard to the above referenced matter. We quote from your letter as follows:

"Mr. Carl S. Smith, the Assessor and Collector of Taxes for Harris County, uses certain forms, copies of which are transmitted herewith, in assessing both real and personal property for taxation. Mr. Smith has indicated that the forms were designed to fit filing cabinets, microfilming equipment and storage facilities used by him. Mr. Smith's problem, in this connection, is that a few companies in this County refuse to use these forms and insist on using their own forms. Mr. Smith requested the assistance of this office in securing your opinion on the following questions:

"'1. Can the assessor require the taxpayer to use the forms prescribed by such assessor?

"'2. Can the assessor standardize the size and shape of such forms in order to bring about some uniformity in printing and storage of the forms?'"

-523-

Articles 7181a et seq., Vernon's Civil Statutes, make provisions for the assessment of taxes of taxable property by a County Tax Assessor and set forth the assessor's duties in relation thereto. Article 7184, Vernon's Civil Statutes, requires that each person making a rendition of property under the assessment laws subscribe to the oath or affirmation set forth in such Article and further provides that the oath or affirmation ". . . shall be written or printed at the bottom of each inventory . . ." Article 7193, Vernon's Civil Statutes, provides that the Tax Assessor may make his own assessment of property in those cases where he has been unable to obtain a statement of same from the owner.

Article 4344, Vernon's Civil Statutes, provides in part as follows:

"Among other duties the Comptroller shall:

". . .

"5.  Prescribe and furnish the form to be used by all persons in the collection of the public revenue and the mode and manner of keeping and stating their accounts.

"6.  Prescribe forms of the same class, kind and purpose so as to be uniform in size, arrangement, matter and form."

Article 7336, Vernon's Civil Statutes, provides in part that:

"The Comptroller of Public Accounts shall prescribe suitable forms to be used by the Assessor and Collector of Taxes for noting thereon the payment of taxes in semi-annual installments. He shall also prescribe suitable forms for receipts, reports and for any other purpose necessary in carrying out the provisions of this Act."

Article 7210, Vernon's Civil Statutes, requires Tax Assessors to use the forms provided by the Comptroller.

Article 1656, Vernon's Civil Statutes, in referring to the County Auditor, provides the following:

"He shall prescribe and prepare the forms to be used by all persons in the collection of county revenues, funds, fees and all other moneys, and the mode and manner of keeping and stating their accounts, and the time, mode and manner of making their reports to the auditor, also the mode and manner of making their annual report of office fees collected and disbursed, and the amount re- funded to the county in excess of those allowed under the general fee bill law. He shall have power to adopt and enforce such regulations not incon- sistent with the constitution and laws, as he may deem essential to the speedy and proper collection, checking and accounting of the revenues and other funds and fees belonging to the county."

Article 1656c, Vernon's Civil Statutes, provides as follows:

"Sec. 1. The State Comptroller of Public Accounts shall prescribe and prepare the forms to be used by all county officials in the collection of county revenues, funds, fees, and other moneys, and in the disbursement of all funds, and shall prescribe the mode and manner of keeping and stat- ing their accounts, which forms shall be so pre- pared, as in the judgment of the Comptroller will meet the needs of counties of different sizes in the State.

"Sec. 2. In order that a modern and uniform system of accounts, properly suited to the needs of the counties in keeping their financial records may be prescribed, the Comptroller is hereby authorized

and directed to make a survey and study of the financial records, reports, books and forms now in use by the counties of this State and to make such revisions and prescribe such forms as he may deem necessary."

The above quoted statutes give the State Comptroller and the County Auditor the power to prescribe forms to be used in the collection and disbursement of public revenues. A careful reading of these statutes will clearly show that they relate only to forms to be used by the County Tax Assessor and other public officials in the performance of their official duties and do not in any way relate to individuals who may be rendering their property for taxation.

We are unable to find any statute which empowers a County Tax Assessor or any other official to require a taxpayer to use any particular tax rendition form except that the person making the rendition must subscribe to the statutory oath (Article 7184, Vernon's Civil Statutes).

". . . the Tax Assessor-Collector has no power to control the rendition of property by the owner himself and has no power to refuse to accept the owner's rendition. . . ." Weinberg v. Molder, 312 S.W.2d 393, 398 (Tex.Civ.App. 1958, error ref. n.r.e.)

## S U M M A R Y

A County Tax Assessor is not authorized to require a taxpayer to use tax rendition forms prescribed by the County Tax Assessor in rendering property for taxation.

Yours very truly,

CRAWFORD C. MARTIN
ATTORNEY GENERAL OF TEXAS

Prepared by Lewis E. Berry, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns B. Taylor, Co-Chairman
Dyer Moore
Vince Taylor
Terry Goodman

A. J. CARUBBI, JR.
STAFF LEGAL ASSISTANT