**BROOKS COUNTY CENTRAL APPRAISAL DISTRICT, Brooks County Appraisal Review Board, Brooks County, and Brooks County Independent School District, Appellants,**

v.

**TIPPERARY ENERGY CORPORATION and Sunburst Energies, Inc., Appellees.**

No. 04–92–00136–CV.

Court of Appeals of Texas, San Antonio.

Nov. 30, 1992.

Dexter D. Joyner, Law Offices of Dexter D. Joyner, Pasadena, Mark R. Paisley, Perkins, Oden, Warburton, McNeill, Adami & Paisley, Alice, for appellants.

Beverly A. Whitley, Holmes, Millard & Duncan, P.C., Dallas, for appellees.

Before CHAPA, BIERY and GARCIA, JJ.

## OPINION

BIERY, Justice.

This is an appeal from the granting and denial of counter motions for summary judgment. Brooks County Central Appraisal District, Brooks County Appraisal Review Board and Brooks County Independent School District appeal, asserting five points of error. Brooks County appeals under two points of error which, unless specifically addressed, have been incorporated into the arguments made by the other taxing entities. We affirm.

Tipperary Energy Corporation and Sunburst Energies, Inc., (hereinafter collectively referred to as "taxpayer" unless otherwise indicated), brought suit against Brooks County Central Appraisal District, Brooks County Appraisal Review Board, Brooks County, and Brooks County Independent School District (hereinafter collectively referred to as "taxing entities" unless otherwise indicated) seeking a refund of taxes for the tax years 1985, 1986, and 1987 on the ground that two entities, Tipperary and Brooks–Hidalgo Joint Venture, paid taxes for the same piece of property for the same years. All parties moved for summary judgment. The trial court granted a final judgment in favor of taxpayer and ordered taxing entities to refund the taxes collected from taxpayer for those years. The court also denied taxing enti-

ties' motion for summary judgment. Taxing entities appeal from the granting of their opponent's summary judgment and from the denial of their own summary judgment.

We note at the outset that the taxing entities concede they received a windfall at taxpayer's expense. It is also undisputed the taxing entities themselves legally could not refund the windfall, even had they so desired, because the Brooks County Appraisal Review Board refused to correct the tax rolls for the years in question.

■ As a general rule, an order denying a motion for summary judgment is an interlocutory order which is not appealable. *Valencia v. Garza*, 765 S.W.2d 893, 897 (Tex.App.—San Antonio 1989, no writ). An exception may be invoked, however, when both parties move for summary judgment and one such motion is granted, while the other is denied. *Tobin v. Garcia*, 159 Tex. 58, 63–64, 316 S.W.2d 396, 400 (1958).[1] In such cases, the appellate court must determine all questions presented by both motions and, if reversible error is found, render judgment for the party whose summary judgment motion should have been granted. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988); *see also Employers Mut. Casualty Co. v. Tascosa Nat'l Bank*, 767 S.W.2d 279, 280 (Tex.App.—Amarillo 1989, writ denied); *Woods v. Applemack Enter., Inc.*, 729 S.W.2d 328, 330 (Tex. App.—Houston [14th Dist.] 1987, no writ).

■ When both parties move for summary judgment, each party must carry its own burden of establishing a right to judgment. *Sunbelt Sav., F.S.B. v. Bank One, Tex., N.A.*, 816 S.W.2d 106, 108 (Tex.App.—Dallas 1991), *rev'd on other grounds*, 824 S.W.2d 557 (Tex.1992); *State Farm Lloyds, Inc. v. Williams*, 791 S.W.2d 542, 549–50 (Tex.App.—Dallas 1990, writ denied). Neither can prevail solely because of the failure of the other party to discharge its burden. *Federal Deposit Ins.*

*Corp. v. Attayi*, 745 S.W.2d 939, 948 (Tex. App.—Houston [1st Dist.] 1988, no writ); *The Atrium v. Kenwin Shops of Crockett, Inc.*, 666 S.W.2d 315, 318 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). When counter-motions for summary judgment are properly before the trial court at the time judgment is rendered, all the evidence accompanying both motions should be considered in deciding whether to grant either party's motion. *Dallas County Appraisal Dist. v. Institute For Aerobics Research*, 766 S.W.2d 318, 319 (Tex.App.—Dallas 1989, writ denied). The trial court is not limited to considering only the evidence filed in support of a party's motion, but can look to the other movant's proof as well when granting the first party's motion. *Farm Credit Bank v. Snyder Nat'l Bank*, 802 S.W.2d 709, 712 (Tex.App.—Eastland 1990, writ denied).

As plaintiffs/movants in this case, taxpayer had the burden of showing that there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). As non-movant, no burden is imposed upon taxing entities. *Casso v. Brand*, 776 S.W.2d 551, 553 (Tex.1989); *Spencer v. City of Dallas*, 819 S.W.2d 612, 615 (Tex.App.—Dallas 1991, no writ). As countermovant, however, taxing entities assumed the burden of showing, as a matter of law, that taxpayer had no cause of action against it. *See Citizens First Nat'l Bank v. Cinco Exploration Co.*, 540 S.W.2d 292, 294 (Tex.1976) (defendant moving for summary judgment has burden of showing, as matter of law, that plaintiff has no cause of action against it); *see also Sunbelt Sav., F.S.A. v. Bank One, Tex., N.A.*, 816 S.W.2d at 108. Stated another way, taxing entities are entitled to summary judgment only if they conclusively established that at least one element of taxpayer's cause of action does not exist.

---

1. Although the losing party may appeal the denial of his own motion, the appeal should be taken from the summary judgment granted. *Adams v. Parker Square Bank*, 610 S.W.2d 250, 250 (Tex.Civ.App.—Fort Worth 1980, no writ)

(appeal does not lie solely from an order overruling a motion for summary judgment). Here, taxing entities' appeal is taken from the order granting taxpayer's motion for summary judgment.

*Mayhew v. Town of Sunnyvale*, 774 S.W.2d 284, 287 (Tex.App.—Dallas 1989, writ denied), *cert. denied,* —— U.S. ——, 111 S.Ct. 963, 112 L.Ed.2d 1049 (1991).

To sustain its burden, plaintiff/taxpayer filed two motions for summary judgment, with attached affidavits, claiming it was entitled to judgment because the uncontradicted summary judgment evidence established, as a matter of law, it had paid taxes erroneously and was entitled to a refund of those taxes. To sustain its burden, defendants/taxing entities moved for summary judgment on grounds that the voluntary payment rule, the failure to exhaust appropriate remedies, a lack of authorization by the Texas Tax Code, and estoppel by rendition precluded the taxpayers from establishing their cause of action for a refund as a matter of law. The trial court found that no genuine issue of material fact existed and that taxpayer was entitled to obtain the relief sought in its motions for summary judgment. On appeal, this court must consider the questions presented to the trial court to determine whether either party established its entitlement to judgment as a matter of law, or, whether both parties failed to meet their burden such that we must remand the entire proceeding for trial. *See R.L. Jones Co. v. City of San Antonio*, 809 S.W.2d 565, 568–69 (Tex. App.—San Antonio 1991, no writ) (indemnitor did not conclusively establish right to indemnity and indemnitee did not conclusively establish that indemnity contract was invalid); *S.S. v. State Farm Fire & Casualty Co.*, 808 S.W.2d 668, 671–72 (Tex. App.—Austin 1991, writ granted) (insurer failed to conclusively establish applicability of policy exclusion and insured failed to conclusively establish inapplicability of exclusion). Specifically, we must determine whether taxpayer conclusively established its right to a refund or whether taxing entities conclusively established the refund was precluded by one of the grounds raised in its motion for summary judgment. If neither party met its burden, the case must be remanded.

■ In point of error number one, taxing entities claim a refund is precluded by the voluntary payment rule, which provides that a tax voluntarily paid cannot be recovered even if the underlying tax is illegal. *City of Houston v. Feeser*, 76 Tex. 365, 368, 13 S.W. 266, 267 (1890); *Texas Nat'l Bank v. Harris County*, 765 S.W.2d 823, 824–25 (Tex.App.—Houston [14th Dist.] 1988, writ denied); *San Antonio Indep. Sch. Dist. v. National Bank of Commerce*, 626 S.W.2d 794, 797 (Tex.App.—San Antonio 1981, no writ); *Johnson Controls, Inc. v. Carrollton–Farmers Branch Indep. Sch. Dist.*, 605 S.W.2d 688, 689 (Tex.Civ. App.—Dallas 1980, writ ref'd n.r.e.). In Texas, the voluntary payment rule is inapplicable when the payor is not aware of all relevant facts. In *Prudential Ins. Co. of Am. v. Crystal City Indep. Sch. Dist.*, 714 S.W.2d 74, 75–76 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.), the taxpayer, which had paid taxes to the city school district, appealed from a judgment denying recovery of taxes. At the time it paid the taxes, the lien holder was unaware that litigation was pending between the mortgagor of the property and the school district concerning the amount of taxes due. *Id.* at 75. In reversing the trial court's judgment and rendering judgment in favor of the taxpayer, this court stated:

we agree with [the taxpayer's] contention that its recovery of the money paid is not precluded by the rule that a taxpayer cannot recover the amount of illegal taxes paid by him where such payment was voluntary. A payment made without full knowledge of all relevant facts cannot be treated as a voluntary payment. *Lincoln National Life Insurance Co. v. State*, 632 S.W.2d 227 (Tex. App.—Austin 1982, writ ref'd n.r.e.); *San Antonio Independent School District v. National Bank of Commerce of San Antonio*, 626 S.W.2d 794 (Tex. App.—San Antonio 1981, no writ). Here, [the taxpayer] had no knowledge of the fact that, as determined by the litigation in question, all taxes due on the property had been paid and, in fact, was unaware that the mortgagor was contesting the District's claim that taxes were due. Under these circumstances it cannot be said

that the payment by [the taxpayer] was voluntary.

*Id.* In this case, as in *Prudential*, taxpayer was not aware of all the relevant facts: Tipperary did not realize that Brooks–County Joint Venture had paid taxes for the same piece of property for the same years. In the absence of this knowledge, the voluntary payment rule is not applicable. Point of error number one is overruled.

■ Taxing entities next claim taxpayer had a duty to exhaust the appropriate administrative remedies as set forth in the Texas Tax Code prior to filing suit, and that taxpayer failed to do so. First, taxing entities Brooks County Central Appraisal District, Brooks County Appraisal Review Board and Brooks County Independent School District claim that, because taxpayer did not protest the tax under chapters 41 and 42 of the Code, it failed to follow the appropriate remedy and is, therefore, precluded from challenging taxing entities decision not to make a refund. *See generally* TEX.TAX CODE ANN. §§ 41.01–41.70, 42.01–42.43 (Vernon 1992).[2]

While we agree with taxing entities' assertion that chapters 41 and 42 set forth certain judicial and administrative procedures concerning the refund of property taxes, we do not agree that these remedies are exclusive under the Tax Code, thereby requiring that a "protest" be filed by every taxpayer challenging the denial of a refund. Section 25.25(a) expressly refutes this argument, stating: "[e]xcept as provided by Chapters 41 and 42 of this code *and by. this section,* the appraisal roll may not be changed." *Id.* § 25.25(a) (emphasis added). Moreover, section 26.15(a) states in part: "[e]xcept as provided by Chapters 41 and 42 of this code *and in this section,* the tax roll for a taxing suit may not be changed after it is completed." *Id.* § 26.-15(a) (emphasis added). Contrary to appellants' argument, it is clear, then, from the plain language of the Tax Code that there are statutory provisions for remedies other than the "protest" remedy listed in chapters 41 and 42.

■ Brooks County next argues that, even if the appropriate remedies were sought, taxpayer failed to exhaust its administrative review rights under the Tax Code. Specifically, Brooks County claims taxpayer was required to file a "correction motion" with the Brooks County Appraisal Review Board under TEX. TAX CODE ANN. § 25.25(c) (Vernon 1992). Moreover, according to Brooks County, taxpayer was required to appear before the Brooks County Appraisal Review Board to argue or present evidence substantiating its "clerical error" allegation under *Webb County Appraisal Dist. v. New Laredo Hotel, Inc.,* 792 S.W.2d 952 (Tex.1990).

To support its first argument, Brooks County claims:

[t]he main thrust of Appellees' theory of recovery is an allegation that the BROOKS COUNTY CENTRAL APPRAISAL DISTRICT committed a clerical error under TEX.TAX CODE ANN. § 25.-25(c). 'Clerical error' has a very specific definition under TEX.TAX CODE ANN. § 1.04(18). Appellees failed to plead facts supporting their 'clerical error' allegation. Additionally, Appellees never filed a correction motion with the BROOKS COUNTY CENTRAL APPRAISAL DISTRICT, as required under TEX.TAX CODE ANN. § 25.25(c). The only document that may rise to the level of a 'correction motion' was entitled 'Combined Restated Motion for Amendment to the Tax Rolls and Application for Tax Refund for Overpayment on Erroneous Payments.' However, this document was never filed by Appellees with the BROOKS COUNTY APPRAISAL REVIEW BOARD.

(selected citations omitted). While we agree that taxpayer may have included section 25.25 in its theory of recovery, we do not agree this case turns upon the defini-

---

**2.** The Texas Tax Code is sometimes referred to as "Tax Code" or "the Code." All "section" and "§" references refer to current Tax Code provisions, unless otherwise noted. Although the legislature amended certain provisions of the Code between 1985 and 1992, neither party contends the amendments effect the disposition of this appeal.

tion and pleading requirements involved in establishing a "clerical error" pursuant to the Tax Code. Subpart (c) of section 25.25 provides:

> (c) At any time before the end of five years after January 1 of a tax year, the appraisal review board, on motion of the chief appraiser or of a property owner, may direct by written order changes in the appraisal roll to correct:
>
> (1) clerical errors that affect a property owner's liability for a tax imposed in that tax year;
>
> (2) multiple appraisals of a property in that tax year;
>
> (3) the inclusion of property that does not exist in the form or at the location described in the appraisal roll.

TEX.TAX CODE ANN. § 25.25(c)(1), (2), (3) (Vernon 1992).[3] Subsection (c)(2), concerning "multiple appraisals of a property," could easily apply to a situation, such as this, where two tax statements had been generated regarding the same property. *Id.* § 25.25(c)(2). Moreover, the record does not support Brooks County's argument that a motion was never filed with the review board.

The undisputed summary judgment evidence establishes that the taxpayers first requested a refund for the 1986 and 1987 taxes by two letters dated May 13, 1988, one to Ramiro G. Castellano, Tax Assessor–Collector for Brooks County, and one to Humberto V. Rivera, Tax Assessor–Collector for the Brooks County Independent School District. These requests were received, considered and rejected by the respective taxing authorities. Plaintiffs next applied for a refund for tax year 1985, and repeated the request for a refund for 1986 and 1987, by letter dated December 7, 1988. In that letter, plaintiffs explained the basis for their refund claim, attached supporting evidence and cited section 31.11 of the Tax Code. Brooks County Independent School District responded to plaintiffs' requests,

by letter dated January 20, 1089, stating that plaintiffs could not obtain a refund because they had failed to file a "protest" under chapters 41 and 42 of the Tax Code, but agreed that future assessments would be removed. The May 4, 1989, Brooks County Appraisal Review Board meeting minutes reflect that the review board considered the plaintiffs' requests and voted to cancel Sunburst from future appraisal rolls. Plaintiffs then submitted a "Combined Restated Motion for Amendment to the to the Tax Rolls and Application for Tax Refund for Overpayment or Erroneous Payments," citing sections 25.25, 26.15 and 31.11 of the Tax Code, by letter dated November 17, 1989. The record reflects this letter was sent via Federal Express and Certified Mail, Return Receipt Requested, to the Brooks County Appraisal Review Board, 100 E. Allen Street, Falfurrias, Texas, 78335, on December 28, 1989. The minutes from the Review Board's December 6, 1989 meeting show that the board once again considered, but refused, plaintiffs' requests. It is apparent that the motion was not only received by the review board, but considered and denied.

Brooks County's argument that taxpayer should have appeared at the hearing on its motion also fails. The case cited to support their argument, *Webb County Appraisal District v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 953 (Tex.1990), interprets only section 41.45 of the Tax Code. The court expressly limited its holding to "protest" hearings, and the case contains no references to the specific administrative relief contained in chapters 25, 26 or 31 of the Tax Code, the sections pursuant to which taxpayer requested its refund. *Id.* at 955 n. 3. Further, section 41.46 requires that the taxpayer receive written notice of the "date, time, and place" of the hearing "not later than the 15th day before the date of the hearing." TEX.TAX CODE ANN. § 41.-46(a) (Vernon 1992). The record contains

---

**3.** As noted by taxing entities, under the version of section 25.25 that was in effect at the operative time, any such change was to be completed by the end of three years after January 1st of a tax year. Act of May 17, 1989, 71st Leg., R.S., ch. 796, § 28, 1989 Tex.Gen.Laws 3591, 3599, amended by Act of May 2, 1991, 72nd Leg., R.S., ch. 367, § 2, 1991 Tex.Gen.Laws 1417, 1417. Because taxing entities have not challenged the timeliness of taxpayer's request for a refund, this amendment does not effect the portion of section 25.25 applicable in this case.

no evidence that the taxing entities sent, or taxpayer received, notice of the Brooks County Appraisal Review Board's hearing.

██ Additionally, chapters 25, 26 and 31 do not contain a detailed procedure corresponding to the procedure set forth in chapters 41 and 42. *Compare Id.* §§ 25.-01–25.25 *and* 26.01–26.15 *and* 31.01–31.12 (Vernon 1992) *with Id.* §§ 41.01–41.70 *and* 42.01–42.43 (Vernon 1992). Although section 25.25(c) references a "motion," it does not require that the review board hold a hearing on the motion or that the taxpayer appear at the hearing. *Id.* § 25.25(c). Nor does section 26.15 require a hearing or an appearance. *Id.* § 26.15. Moreover, section 31.11 expressly negates any requirement of a motion or hearing or appearance. Tex.Tax Code Ann. § 31.11(a) (Vernon 1992). According to section 31.11:

> (a) If a taxpayer *applies* to the tax collector of a taxing unit for a refund of an overpayment or erroneous payment of taxes and the auditor for the unit determines that the payment was erroneous or excessive, the tax collector shall refund the amount of the excessive or erroneous payment....

*Id.* (emphasis added).

Although "applies" is not defined in the Tax Code, it is clear that taxpayer in this case "applied" for a refund by sending letters, stating the grounds upon which the refund was sought, to the taxing authorities for Brooks County and Brooks County Independent School District. Taxpayer took the application process one step further by sending a motion, which again fully explained the basis for its refund claim, and evidence supporting the same. It is clear from the minutes of the minutes of meetings held by the Brooks County Appraisal Review Board both the letters and the motion were considered and refused. We hold that these facts establish sufficient compliance with the statutory administrative prerequisites prior to filing suit. Point of error number two is overruled.

██ In their third point of error, taxing entities contend a refund is not authorized under the Texas Property Tax Code. Specifically, it argues that taxpayer cannot obtain a refund under section 31.11 because this section applies only in situations "where the payment that is made does not match the correct tax statement or bill" and, here, "the taxes that were actually paid identically matched the tax bill." Tex. Tax Code Ann. § 31.11 (Vernon 1992). Section 31.11 reads as follows:

Refunds of Overpayment or Erroneous Payments

> (a) If a taxpayer applies to the tax collector of a taxing unit for a refund of an overpayment or erroneous payment of taxes and the auditor for the unit determines that the payment was erroneous or excessive, the tax collector shall refund the amount of the excessive or erroneous payment from available current tax collections or from funds approved by the unit for making refunds.

*Id.* We do not find language in the statute to support taxing entities proposition that section 31.11 limits recovery of a refund solely to the situation where the payment made does not match the amount shown as "due" on the tax statement or bill. *See id.*

Taxing entities contend this proposition is supported by the holding in *Texas Nat'l Bank v. Harris County,* 765 S.W.2d 823, 826 (Tex.App.—Houston [14th Dist.] 1988, writ denied), where the court stated:

> [i]t is clear from the language of the statute itself that Section 31.11 applies only in cases where the tax is correctly *assessed* but the taxpayer erred in paying it. Such cases would include accidental payment on the wrong account, inadvertent payment of a greater amount than that assessed or an overpayment caused by errors in calculation.

(emphasis added).

In this case, the record reveals taxing entities correctly assessed the tax, but that taxpayer erred in paying the tax because it had been paid by another party. In a sense, Tipperary made an "accidental payment on the wrong account," when paying taxes on behalf of Brooks–Hidalgo Joint Venture. Moreover, we note that the factual situation in *Texas Nat'l Bank* is readily distinguishable from this case. There,

the taxpayer sued to recover back property taxes paid under an allegedly unconstitutional statute. *Id.* at 824. In holding that section 31.11 did not apply, the court found that the taxpayers "real complaint" was "that its stock was improperly valued by the inclusion of the federal obligations it owned" and that such a situation was "governed by chapters 41 and 42 of the Code." *Id.* In this case, the taxpayers "real complaint" is that it made an erroneous (or overpayment) of taxes in 1985, 1986 and 1987 when it paid taxes which had already been paid by another entity. Moreover, we do not believe that the spirit of the statute, or the court's decision in *Texas Nat'l Bank,* requires the holding that section 31.11 does not authorize a refund to the taxpayer, but does authorize taxing entities to retain a windfall, merely because the taxes paid "identically matched the tax bill" generated by the taxing entity. Point of error number three is overruled.[4]

In its fourth point of error, taxing entities contend the trial court erred in granting summary judgment for taxpayer because a refund is barred by the doctrine of "estoppel by rendition." According to taxing entities, under *Weinberg v. Molder,* 312 S.W.2d 393 (Tex.Civ.App.—Waco 1958, writ ref'd n.r.e.) and *State v. Harper,* 188 S.W.2d 400 (Tex.Civ.App.—San Antonio 1945, writ ref'd), *cert. denied, Harper v. Texas,* 327 U.S. 805, 66 S.Ct. 964, 90 L.Ed. 1030 (1946), taxpayer's rendition of the property for taxation estops it from denying that a tax should have been assessed.

We initially note that *Weinberg* and *Harper* were decided prior to the implementation of the Texas Tax Code. In *Hunt County Tax Appraisal Dist. v. Rubbermaid Inc.,* 719 S.W.2d 215, 220–21 (Tex.

App.—Dallas 1986, writ ref'd n.r.e.), the court questioned the viability of the estoppel by rendition doctrine after the adoption of the Tax Code. Addressing the appraisal authorities estoppel argument, the court held:

> [w]e cannot agree with the appraisal authorities contention. This case is governed by the new Property Tax Code, which was enacted to remedy the many inequities that characterized the previous administration of the ad valorem tax by local taxing authorities.... Judicial review is by trial de novo in the district court 'in the manner applicable to civil suits generally' and with the aid of a jury if requested. Section 42.23. Further, under the new code the property owner is no longer required to place a value on the property rendered. Section 22.24(d). In light of these provisions, we hold that Rubbermaid was not bound by its rendition values and was free to offer evidence below those values in the trial de novo in the district court.

*Id.* at 221. (citations omitted). Moreover, in addition to section 42.23 (discussed in *Hunt*), sections 25.25, 26.15 and 31.11 (which provide for the payment of a refund) indicate the doctrine of estoppel by rendition no longer precludes a refund to a taxpayer who challenges the taxation after submitting a rendition. TEXAS TAX CODE ANN. §§ 25.25, 26.15, 31.11 (Vernon 1992).

Finally, the cases cited by taxing entities are factually distinguishable from the case at bar. In *Weinberg,* 312 S.W.2d at 394, a group of taxpayers brought an action to restrain the collection of 1957 school taxes. The court of appeals held that an injunction would not lie because the taxpayers, suing as a group, failed to show any substantial

---

4. Under this point of error, County also argues that section 25.25, "the one section that does give the Appraisal Review Board discretion to direct changes in the appraisal roll to correct clerical errors or to correct multiple appraisals of a property" is "discretionary" and therefore, a taxpayer is never "entitled" to a refund. Although we need not address this argument because we have held that section 31.11 is applicable to this case, we do not believe appellant's argument has merit. TEX.TAX CODE ANN. § 31.11 (Vernon 1992). Section 42.23 of the Tax Code provides that judicial review is by trial "in the manner applicable to civil suits generally," and with the aid of a jury if requested by either party. *Id.* § 42.23(a), (b), (c) (Vernon 1992); *see also Texas Architectural Aggregate, Inc. v. Adams,* 690 S.W.2d 640, 642 (Tex.App.—Austin 1985, no writ). Although section 25.25 gives the appraisal authority discretion regarding appraisals, at least one section of the code clearly "entitles" the taxpayer to obtain judicial review of the review board's decision. *Id.* § 42.23 (Vernon 1992).

injury to each of the taxpayers by reason of the assessment proceeding adopted. Regarding estoppel by rendition, the court stated:

> the sole issue made by appellants' pleadings and as stipulated by them is not whether there exists any irregularity that might affect the assessment of one or more taxpayers as individuals but whether there exists any irregularity that invalidates all assessments in the school district for the year 1957. Needless to say that those taxpayers who signed rendition sheets with respect to their property cannot be heard to assert that such rendition was void or invalid. In this connection, we think we should say that the Tax Assessor–Collector has no power to control the rendition of property by the owner himself and has no power to refuse to accept the owner's rendition.

Id. at 398 (emphasis added) (citations omitted). This factual situation is readily distinguishable from this case. Here, a group of taxpayers were not seeking to invalidate all assessments made in the school district; taxpayer is seeking to obtain a refund on an assessment paid which affected but one taxpayer. The issue before this court is not whether the taxing entity had the power to refuse to accept taxpayer's rendition, but whether the taxing entity should have refunded a tax payment which would not otherwise have been paid had the facts been known by taxpayer.

In Harper, 188 S.W.2d at 401, the taxpayer/owner of a cattle company rendered the cattle for taxation. He made no attempt thereafter to go before the taxing entity to correct any mistake he might have made as to the number of head of cattle, but filed suit directly in the district court. Id. at 401, 403. In holding the taxpayer's complaint came "too late," the court stated:

> [i]n the absence of pleading and proof of non est factum, fraud or mistake, just as in a suit on a promissory note, a rendition of property for taxes is binding on the owner under the doctrine of estoppel.

Id. (citation omitted). Unlike the cattle owner in Harper, taxpayer alleged mistake and went before the taxing entity seeking a refund of payment. This analysis is consistent with other pre-code cases which suggested that a mistake of fact in the preparation of a rendition might render the doctrine inapplicable. See e.g., Willson v. Johnston, 404 S.W.2d 870, 873 (Tex.Civ. App.—Amarillo 1966, no writ); West Texas Gulf Pipe Line Co. v. Hardin County, 319 S.W.2d 155, 158 (Tex.Civ.App.—Austin 1958, writ ref'd n.r.e.), aff'd, 159 Tex. 374, 321 S.W.2d 576 (1959); Childress County v. Schultz, 199 S.W.2d 860, 862 (Tex.Civ. App.—Amarillo 1946, no writ). Point of error number four is overruled.

In its fifth point of error, taxing entities claim the trial court erred in not granting summary judgment in their favor. Specifically, taxing entities allege:

> [t]he movant for a summary judgment has the burden of showing that no genuine issue of material fact exists and therefore the movant is entitled to judgment as a matter of law. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true, and every reasonable inference must be indulged in favor of the non-movant. Id. at 548–49. It is clear that Appellees have not met their burden.

> On the other hand, Appellants did meet this burden, under all of the points discussed above. That being the case, this court should reverse the trial court judgment and render judgment for Appellants.

While we agree with taxing entities that, as movant, taxpayer had the burden of showing that no genuine issue of material fact exists, we do not agree it failed to meet the burden. Taxpayer moved for summary judgment on the ground that, as a matter of law, it was entitled to a refund because the because it erroneously paid taxes on another's behalf as the result of an honest mistake. The trial court found that no genuine issue of material fact existed, and that taxpayer was entitled to the relief sought in its motion for summary

judgment. The taxing entities do not dispute the fact that taxpayer erroneously paid taxes for the same piece of property for the same years, but base their motion for summary judgment on the voluntary payment doctrine, an estoppel by rendition argument, the purported failure of the taxpayers to exhaust their administrative remedies and allegations that a refund was not authorized under the Texas Tax Code.

In determining the questions presented by both motions, we hold that: (1) a payment made without knowledge of all relevant facts cannot be voluntary; (2) taxpayers are not necessarily required to file a "protest" under TEX.TAX CODE ANN. §§ 41.01–41.70, 42.01–42.43 (Vernon 1992) to exhaust their administrative remedies; (3) TEX.TAX CODE ANN. § 31.11 (Vernon 1992) authorizes a mechanism for obtaining a refund when a taxing authority receives a windfall even when the payment made by the taxpayer matches the amount shown as "due" on the tax bill; and (4) the provisions of the Tax Code, recent Texas case law, and a distinguishable post-code factual situation render appellants' estoppel by rendition argument inapplicable. Because taxing entities failed to carry their summary judgment burden of establishing their entitlement to judgment as a matter of law, point of error number five is overruled.

Accordingly, the judgment of the trial court granting summary judgment in favor of taxpayer is affirmed.