**INSURANCE COMPANY OF NORTH AMERICA, Appellant,**

v.

**CYPRESS BANK, Appellee.**

**No. 01–83–00235–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 15, 1983.

Murray Fogler, Houston, for appellant.

Gene F. Gardner, Brian E. Bro, Houston, for appellee.

Before EVANS, C.J., and BASS and DUGGAN, JJ.

## OPINION

BASS, Justice.

This appeal is taken from a judgment against the Insurance Company of North America in its suit against Cypress Bank. The action sought recovery from an alleged wrongful dishonor of an irrevocable letter of credit. The trial court overruled the appellant's motion for instructed verdict, and the case was submitted to the jury on a single special issue:

> Do you find from a preponderance of the evidence that Cypress Bank wrongfully refused payment of Insurance Company of North America's May 9, 1980, $30,-000.00 draft?

The jury answered, "we do not." Appellant's motion for judgment non obstante veredicto was overruled, and judgment was entered for the appellee.

The appellant brings two points of error. It alleges that the trial court erred in overruling its motions for instructed verdict and judgment non obstante veredicto because it was entitled to judgment as a matter of law. It further alleges error in granting judgment on the basis of the jury's verdict because the answer to the special issue was supported by no evidence or was against the great weight and preponderance of the evidence.

On July 17, 1979, the appellee issued an irrevocable letter of credit in favor of the

appellant in the amount of $30,000. The letter of credit was collateral for a bond issued by the appellant to Air Traffic Conference of America. The first paragraph of the letter of credit sets out two conditions under which the appellant could draw:

> [W]e hereby authorize you to draw on Cypress Bank of Houston, Texas up to an aggregate amount of U.S. thirty thousand and no/100 dollars ($30,000.00), available by your drafts at sight accompanied by a statement to the effect that you have been called upon to make payment of loss, attorney's fees or other expenses, by reason of executing Air Traffic Conference of America Schedule Bond as surety on behalf of Northwest Travel & Tours, Inc., as principal and in favor of Air Traffic Conference of America as Obligee in the penalty of U.S. thirty thousand and no/100 dollars ($30,000.00) and dated on or about the 20th day of May, 1979, or that the premium thereon is unpaid or overdue.

The second paragraph states:

> This Letter of Credit shall be valid until May 20, 1980, and shall thereafter be automatically renewed for a one year period upon such date and upon each anniversary of such date, unless at least thirty (30) days prior to such date or each anniversary of such date we notify you in writing by registered mail to Surety Department, Insurance Company of North America, 1600 Arch St., Philadelphia, Pennsylvania 19101, that we elect not to so renew this Letter of Credit. Upon receipt by you of such notice you may draw hereuhder by your drafts drawn at sight on us and accompanied by a statement to the effect that you have not received evidence satisfactory to you of the performance of all the conditions and obligations of the aforesaid bond as of that date.

On April 18, 1980, the appellee sent the appellant notice of its intention not to renew the letter of credit. The appellant sent the appellee a letter stating that its liability on the bond was still outstanding, that it had not received satisfactory evidence of the principal's performance of its obligations on the bond, and that it was requesting payment on the letter of credit. The appellee refused to honor the letter.

The appellant argues that the second paragraph creates a right to draw on the letter of credit independent from the conditions contained in the first paragraph. It contends that the letter unambiguously states that it may draw when it receives notice that the appellee intends not to renew the letter upon its presentation of a statement that it has not received satisfactory evidence of performance of all conditions and obligations on the bond.

The appellee argues that the appellant's right to draw is defined solely by the first paragraph, contending that the language in the second paragraph guarantees the appellant's right to draw between the time notice of nonrenewal is given and the time the letter expires. It states that the terms "conditions" and "obligations" are shorthand references to the rights set out in the first paragraph. The appellee concedes that the second paragraph is susceptible to the appellant's interpretation, and contends that the contract is ambiguous.

We find that the trial court erred in refusing to grant the appellant's motion for instructed verdict because the evidence entitled the appellant to judgment as a matter of law.

The sole issue is the interpretation of the letter of credit, which is governed by the rules of construction of ordinary contracts. *Republic National Bank v. Northwest National Bank,* 578 S.W.2d 109 (Tex. 1978). The most basic rule of construction is that the language of the parties will be enforced according to its plain meaning. *General American Indemnity Co. v. Pepper,* 161 Tex. 263, 339 S.W.2d 660 (1960). If that language is ambiguous, its meaning is determined by the fact finder. *Amistad, Inc. v. Frates Communities, Inc.,* 611 S.W.2d 121 (Tex.Civ.App.—Waco 1980, writ ref'd n.r. e.). A contract is ambiguous only when there is a genuine uncertainty which of two or more meanings is correct. If only one reasonable interpretation exists, the con-

tract is not ambiguous. *Gibson v. Bentley*, 605 S.W.2d 337 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). Ambiguity will not be found in a strained interpretation of a contract when a reasoned interpretation renders all the provisions of the contract enforceable and consistent. *See Southwestern Life Insurance Co. v. Houston,* 121 S.W.2d 619 (Tex.Civ.App.—Fort Worth 1938, writ ref'd).

■ We find no ambiguity in the letter of credit. The appellee's theory that the second paragraph relates back to rights created in the first paragraph is inconsistent with the plain language of the letter of credit and is patently unreasonable. The first paragraph creates a right to draw on presentation of a statement "that *you have been called on to make payment* of loss of attorney's fees or other expenses by reason of ... American Schedule Bond as surety," or "*that the premium* [on the bond] *is unpaid or overdue.*" (emphasis added). The second paragraph speaks of the right to draw upon presentation of a statement that "*you have not received evidence satisfactory to you* of performance of *all* conditions and obligations of the aforesaid bond ....*"* (emphasis added). The rights contained in the second paragraph are manifestly different from those set out in the first. They cannot be viewed as a reassertion of the first paragraph rights. Appellant's reading, on the other hand, is wholly consistent with the language of the letter of credit. It presents the only reasonable interpretation.

The parties stipulated that after receipt of notice of appellee's election not to renew the letter of credit the appellant sent the appellee a letter stating that it had not received satisfactory evidence of the principal's obligations on the bond. Reasonable minds must conclude that this notice satisfied the language of the letter of credit and entitled the appellants to draw. There was no fact issue and the appellant was entitled to judgment as a matter of law. The refusal to grant appellant's motion for instructed verdict was error. *Employers' Insurance Ass'n v. Byrd,* 540 S.W.2d 460 (Tex.Civ.App.—El Paso 1976, writ ref'd n.r.e.).

Judgment of the trial court is reversed and rendered.