**EMPLOYERS MUTUAL CASUALTY CO., Appellant,**

v.

**TASCOSA NATIONAL BANK, Appellee.**

No. 07–88–0006–CV.

Court of Appeals of Texas, Amarillo.

March 22, 1989.

Rehearing Denied April 25, 1989.

John C. Chambers, Hinkle Cox Eaton Coffield & Hensley, Amarillo, for appellant.

Robert H. Smith, Saunders Brian Thomas & Smith, Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

DODSON, Justice.

This is an appeal from an order granting summary judgment against appellant, Employers Mutual Casualty Company, who had brought an action against appellee, Tascosa National Bank, for its failure and refusal to pay as agreed pursuant to the terms of a written letter of credit. By one point of error, appellant argues that the trial court erred in rendering a summary judgment decreeing that appellant should take nothing from appellee because the undisputed and conclusive evidence estab-lished that all conditions precedent to appellee's liability to appellant had occurred, and that appellee was liable to appellant for the face amount of Irrevocable Letter of Credit No. 521, prejudgment and post-judgment interest, reasonable and necessary attorney's fees, and all costs of the action, as a matter of law. We reverse and render in part, remand in part.

When both parties file motions for summary judgment and the trial court grants one of the motions and overrules the other, and the issues in the motion denied are expressly presented to the appellate court, the order denying summary judgment is reviewable. *Garcia v. City of Lubbock*, 634 S.W.2d 776, 780 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.); *Holmquist v. Occidental Life Ins. Co.*, 536 S.W.2d 434, 438 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). As a consequence of the above principle, the appellate court may determine all questions presented, including the propriety of the order overruling the losing party's motion. *Clark v. Perez*, 679 S.W.2d 710, 713 (Tex. App.—San Antonio 1984, no writ); *Teledyne Isotopes, Inc. v. Bravenec*, 640 S.W.2d 387, 389 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.).

In reviewing this summary judgment record, we are to determine all questions necessary to the disposition of the appeal. Tex.R.App.P. 90(a). In doing so, we may affirm the judgment of the trial court, or reverse the judgment and render such judgment as the trial court should have rendered, or either affirm or render in part and remand in part for further proceedings. Tex.R.App.P. 81.

On 21 June 1985, appellee issued a replacement Irrevocable Letter of Credit No. 521 in the aggregate amount of $746,100 in favor of appellant as a security for its obligation on a supersedeas bond in a divorce proceeding which was on appeal. While the divorce proceeding was still on appeal, appellee, in accordance with the terms of the Irrevocable Letter of Credit No. 521, gave written notice to appellant that appellee did not elect to renew the letter of credit for an additional one-year

period. Thereafter, appellant made presentment and demand for payment for the amount specified in the Irrevocable Letter of Credit No. 521 on three separate occasions. The record reflects that, each time appellee dishonored the draft and refused payment, a letter was sent stating:

Payment, acceptance, and negotiation have not been effected in accordance with the terms and conditions of the Letter of Credit. The draft and the accompanying documents do not appear on their face to be in accordance with the terms and conditions of the Letter of Credit. The documents accompanying the draft do not contain the statement [and on one occasion included (and certification)] required by the Letter of Credit.

This action was filed to enforce the collection of the face amount of the irrevocable letter of credit. Appellee responded that because appellant had not complied with the exact terms and conditions of the irrevocable letter of credit, appellant was not entitled to such payment. Appellee also filed a third-party claim against Oliver Bivins and Berneta W. Bivins, as guarantors, on both the original Irrevocable Letter of Credit No. 521, dated 28 November 1983, in the sum of $936,100 and the replacement Irrevocable Letter of Credit No. 521, dated 21 June 1985, in the amount of $746,100. Appellee sought recovery against the third-party defendants upon an application for the letter of credit, a promissory note, and a letter of guaranty alleged to have been executed by them should appellee be held liable to appellant. The trial court found that appellee's cause of action, if any, against the third-party defendants was merged into and barred by the trial court's summary judgment order that the appellant take nothing by its suit. The trial court ordered that appellee take nothing of and from third-party defendants subject to the finality of the above order.

The terms and conditions which are in dispute are contained in paragraphs one and four of the letter of credit and are as follows:

[paragraph one]

We hereby establish our Irrevocable Letter of Credit in your favor at the request of Mr. Oliver Bivins for the account of Julian Lee Bivins, II (hereinafter called Principal) in the aggregate amount of SEVEN HUNDRED FORTY-SIX THOUSAND ONE HUNDRED DOLLARS ($746,100.00) available by your sight draft(s) drawn on us and [1] accompanied by your statement that you as Surety have executed a bond or bonds on behalf of Julian Lee Bivins, II and [2] that a claim has been made, or a situation exists under which, in the sole judgment of the Surety, claim may be made for loss or expense sustained under said bond or bonds and [3] that monies represented by your draft(s) are required in the discretion of the Surety for its protection under said bond or bonds.

[paragraph four]

It is a condition of this Letter of Credit that it shall be automatically extended for an additional period of one year from the present or future expiration date, unless thirty days prior to such date we shall notify you in writing (letter must be sent to you by registered mail at the address indicated above) that we elect not to renew this Letter of Credit for such additional period. Upon receipt by you of such notice, you may draw on us hereunder, prior to the expiration date, by means of your draft on us at sight for the full amount of this Letter of Credit, [4] accompanied by your written certification that you continue to be liable as Surety on one or more bonds executed for and on behalf of the Principal and [5] that the proceeds of your draft will be applied by you on account of any obligation incurred by you as a result of your execution of said bond or bonds.

The dispute between the parties focuses on whether appellant was required to comply with the terms and conditions of the first paragraph of the irrevocable letter of credit, the terms of the fourth paragraph of the irrevocable letter of credit, or the terms of both the first and fourth paragraphs of the irrevocable letter of credit. There is no dispute that appellant had to

comply and did comply with the terms of the second and third paragraphs.

The parties to the dispute agree that the irrevocable letter of credit is not ambiguous. It is the general rule of law of contracts that where an unambiguous writing has been entered into between the parties, the courts will give effect to the intention of the parties as expressed or as is apparent in the writing. *City of Pinehurst v. Spooner Addition Water Co.,* 432 S.W. 2d 515, 518 (Tex.1968). When ambiguity is not an issue, the determination of whether appellant strictly complied with the letter of credit is a question of law for the court to decide. *Westwind Exploration v. Homestate Sav. Ass'n,* 696 S.W.2d 378, 381 (Tex.1985).

It is appellant's contention that appellant was required under the specific terms of the irrevocable letter of credit to comply with only the second, third, and fourth paragraphs in order to be entitled to full payment under the undisputed facts. Appellee contends that appellant had to comply with paragraphs one, two, three, and four.

The appellee's liability as issuer on the irrevocable letter of credit is contingent upon the beneficiary's (in this case, appellant's) proper presentment of the letter. *Westwind Exploration v. Homestate Sav. Ass'n,* 696 S.W.2d at 381; Tex.Bus. & Com.Code Ann. § 5.114(a) (Vernon 1968). Proper presentment of a letter of credit occurs when the beneficiary strictly complies with the terms of the letter of credit. *Westwind Exploration v. Homestate Sav. Ass'n,* 696 S.W.2d at 381; *Temple-Eastex, Inc. v. Addison Bank,* 672 S.W.2d 793, 795 (Tex.1984). If there is strict compliance with the terms of the letter of credit by the beneficiary, then the issuer has no option other than to pay the beneficiary according to the terms of the letter of credit. *Westwind Exploration v. Homestate Sav. Ass'n,* 696 S.W.2d at 381.

The only issue before this Court is the interpretation of the irrevocable letter of credit. Appellant proposes that *Insurance Company of North America v. Cypress Bank,* 663 S.W.2d 122 (Tex.App.—Houston [1st Dist.] 1983, no writ), offers the proper construction for the letter of credit at hand. In *Cypress Bank,* the letter of credit included the following two paragraphs:

We hereby authorize you to draw on Cypress Bank of Houston, Texas up to an aggregate amount of U.S. thirty thousand and no/100 dollars ($30,000.00) available by your drafts at sight accompanied by a statement to the effect that you have been called upon to make payment of loss, attorney's fees or other expenses, by reason of executing Air Traffic Conference of America Schedule Bond as surety on behalf of Northwest Travel & Tours, Inc., as principal and in favor of Air Traffic Conference of America as obligee in the principal penalty of U.S. thirty thousand and no/100 dollars ($30,000.00), and dated on or about the 20th day of May, 1979, or that the premium thereon is unpaid or overdue.

This Letter of Credit shall be valid until May 20, 1980, and shall thereafter be automatically renewed for a one year period upon such date, unless at least thirty (30) days prior to such date or each anniversary of such date we notify you in writing by registered mail to Surety Department, Insurance Company of North America, 1600 Arch St., Philadelphia, Pennsylvania 19101, that we elect not to so renew this Letter of Credit. Upon receipt by you of such notice you may draw hereunder by your drafts drawn at sight on us and accompanied by a statement to the effect that you have not received evidence satisfactory to you of the performance of all the conditions and obligations of the aforesaid bond as of that date.

*Id.* at 124.

The issuing bank, Cypress Bank, timely notified the beneficiary, Insurance Company of North America, that it did not intend to renew the letter of credit, and the beneficiary thereafter timely drafted upon the bank with an accompanying statement in compliance with the second paragraph of the letter of credit, but not complying with the conditions of the first paragraph of the letter of credit. Cypress Bank dishonored

the draft, suit was filed by the beneficiary, which resulted in the trial court's judgment favoring the bank. Upon appeal, the court of appeals reversed and rendered judgment in favor of the beneficiary, stating the issuer's theory that the second paragraph related back to rights created in the first paragraph was inconsistent with the plain language of the letter of credit and was patently unreasonable. The court concluded that the rights contained in the second paragraph were manifestly different from those set out in the first and could not be viewed as a reassertion of the first paragraph rights.

█ In this instance, paragraphs one and four are different situations whereby the happening of either will trigger the beneficiary's proper presentment of the irrevocable letter of credit according to the terms set out in that correlating paragraph.

The first paragraph creates a right to draw upon presentation of a statement that appellant, as surety, executed a bond and a claim had been made or a situation existed under which, in the sole judgment of the appellant, a claim may have been made for loss or expenses sustained under the bond and that money represented by appellant's drafts were required in the discretion of the appellant for its protection under the bonds.

The fourth paragraph speaks of the right of appellant to draw upon receipt of a notice that appellee elected not to renew the irrevocable letter of credit thirty days prior to the expiration date by means of appellant's draft on appellee at sight for the full amount of the letter of credit, accompanied by appellant's written certification that appellant continued to be liable as surety on one or more bonds executed for and on behalf of the principal and that the proceeds of appellant's draft would be applied by appellant on account of any obligation incurred by appellant as a result of appellant's execution of said bond or bonds.

Under the facts of this case, when appellant received notice of appellee's intent not to renew the Irrevocable Letter of Credit No. 521, paragraph four was triggered.

Strict compliance with the conditions of paragraph four was required.

Appellee's second argument is that if the court determined that appellant must comply only with the conditions of paragraph four, rather than one and four, appellant has failed to strictly comply because it has not provided a written certification as required by the fourth paragraph. At oral argument, appellee stated that the word "certification" or "certify" must be included in a document upon presentment which also stated that the surety continued to be liable on one or more bonds executed on behalf of the principal. To hold otherwise, appellee argues, would render the phrase "your written certification" a total redundancy and would fly in the face of the expressed intent of the parties.

█ The phrase "written certification," as it is used in the irrevocable letter of credit in this case, must be given its commonly accepted meaning. The general principles of contract law, including the interpretation of a written contract and the ordinary meaning of words, apply to letters of credit. *Travis Bank & Trust v. State,* 660 S.W.2d 851, 855 (Tex.App.—Austin 1983, no writ). The common understanding of "certification" is "the formal assertion in writing of some fact," Black's Law Dictionary 206 (5th ed. 1979), or "the act of certifying or state of being certified." Webster's Ninth New Collegiate Dictionary 223 (1988). "Certify" means "to authenticate or vouch for a thing in writing." Black's Law Dictionary 207.

█ Appellant's formal written assertion of the matters required by paragraph 4 constituted a "written certification" within the meaning of the phrase. To hold otherwise would ascribe to appellee's irrevocable letter of credit a redundancy by requiring not only a formal written assertion of the matters, but also a further assertion that it was a written certification. If appellee had intended that action, it would have been more clearly designated. In this instance, we are not persuaded that Irrevocable Letter of Credit No. 521 requires that the

words "certification" or "certify" be specifically employed in a demand letter.

 Our review of appellant's second presentment dated 12 November 1985 reveals that it strictly complies with the Irrevocable Letter of Credit No. 521, since that presentment includes the following written assertions of certain facts:

V. As Supersedeas Bond # 509–04–55 is a non-cancellable bond and the court case covered by this bond is currently before the Texas Supreme Court awaiting disposition, bond # 509–04–55 is in full force and effect. *Therefore Employers Mutual Casualty Company as Surety continues to be liable for the bond issued on behalf of Mr. Bivins, which is secured by Irrevocable Letter of Credit # 521.*

VI. As Tascosa National Bank has notified Employers Mutual Casualty Company of their intention to non-renew the Irrevocable Letter of Credit, Employers Mutual Casualty Company under the terms of the Irrevocable Letter of Credit and the continued liability of Employers Mutual Casualty Company under the bond, hereby submits our sight draft for the full amount of Letter of Credit # 521 ($746,100.00). *Proceeds of said draft will be applied by Employers Mutual Casualty Company to any obligation incurred by Employers Mutual Casualty Company as a result of Employers Mutual Casualty Company executing said bond.* [emphasis added]

The underscored segments of the presentment document are conclusive evidence that all conditions precedent to appellee's liability to appellant had occurred under Irrevocable Letter of Credit No. 521.

In summary, Employers Mutual Casualty Company's point of error is sustained. Accordingly, we reverse the trial court's judgment and render judgment that Employers Mutual Casualty Company do have and recover of and from Tascosa National Bank the amount of $746,100, the face amount of the Irrevocable Letter of Credit No. 521, plus prejudgment interest from 28 November 1985 to 24 November 1987, compounded daily, as prescribed by article 5069–1.05, section 2 of the Texas Revised Civil Statutes Annotated (Vernon Supp.1988), plus post-judgment interest from 25 November 1987, compounded daily, as prescribed by article 5069–1.05, section 2, until the judgment is fully paid. Also, Employers Mutual Casualty Company's claim for attorney's fees and Tascosa National Bank's third party claim against Oliver W. Bivins and Berneta W. Bivins as third-party defendants are severed from this action and remanded to the trial court for further determination.

All costs are taxed against Tascosa National Bank.