Pedro RAMIREZ, Jr. et al., Appellants,

v.

ZAPATA COUNTY INDEPENDENT SCHOOL DISTRICT et al., Appellees.

No. 12791.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 24, 1954.

H. P. Guerra, Jr., Gerald Weatherly, Rio Grande City, for appellant.

Pope & Pope, Laredo, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Pedro Ramirez and others, on May 27, 1954, in the District Court of Zapata County, Texas, against Zapata County Independent School District and others, seeking judgment declaring and adjudging a certain $110,000 issue of school-house bonds of such district to be invalid and unenforcible. The election at which the issuing of these bonds was authorized was held on September 13, 1952. The defendants below filed a plea in abatement, which was sustained by the trial court and the cause dismissed. Plaintiffs below have timely prosecuted this appeal.

Appellants' cause of action was based primarily upon the contention that Leopoldo Martinez, who at one time was a trustee and president of the board of school trustees, was disqualified to act as such because he was tax assessor and collector of Zapata County, and was also tax assessor and collector of Zapata Independent School District, and that Manuel Medina, another member of the school board, was also disqualified from so acting, because he was the manager and one of the owners of the

Bank of Zapata, unincorporated, which was the depository of the school district. Thus it was contended that both of these trustees were disqualified because of financial interest.

Appellants' petition shows that Leopoldo Martinez, acting as president of the school board, received a petition for an election to determine whether the bonds were to be issued on August 28, 1952, and gave notice to the trustees to meet and consider the petition on August 30, 1952. The entire board of seven trustees met on August 30, 1952, at which time Leopoldo Martinez resigned as both president and member of the school board, which resignation was accepted and Armando Gutierrez appointed in his place. The board as thus constituted, and with all seven members present, proceeded to consider the petition and ordered the election to be held in the district on September 13, 1952. The election was duly held and resulted in the issue of the bonds being authorized.

■ Appellants alleged specifically that Leopoldo Martinez was disqualified to act in connection with the election to authorize the issuance of the school bonds, because as tax assessor and collector of the school district his fees of office would be increased by the issuance of the bonds, and thus he had a financial interest in seeing that the bonds were issued. As to Manuel Medina, the specific allegation was in substance that by reason of his interest in the bank, which was the depository for the school district, he would be financially helped by the issuing of the bonds and the placing of the proceeds from the sale of the bonds in the bank. Conceding, but not deciding, that these interests were sufficient to show that Martinez and Medina were disqualified from acting in calling the election and declaring the results thereof, appellants still fall far short of showing that the bond election was void. Only if the election was void would appellants be entitled to the relief which they seek. Appellants did not give notice of an election contest within thirty days after the result of the election was declared, as is provided for by Art. 9.03, Vernon's A.T.S. Election Code, and

cannot here raise such questions as might properly be raised in an election contest. Bowen v. Board of School Trustees, Tex. Civ.App., 16 S.W.2d 424; Rawson v. Brownsboro Independent School District, Tex.Civ.App., 263 S.W.2d 578. Where an election contest has not been filed, it is conclusively presumed that the election as held, and the result thereof as declared, are in all respects valid and binding. Art. 9.36, Vernon's Annotated Texas Statutes, Election Code.

 The allegations of appellants not only fail to show that the election was invalid and void but, on the contrary, show that it was a valid election. Appellants complain because Martinez issued a notice to members of the board of trustees to meet and consider the petition for the election. It is immaterial who gave notice of the meeting of the board of trustees, or whether any such notice was given, or whether the board met by accident, so long as they were all present. There is no contention that any trustee was in any way affected by lack of proper notice of the meeting. It appears that the notice was sufficient and all of the trustees met in response thereto. We find nothing in the law that requires any particular notice or that it be given by any particular person, so long as the entire membership meets without complaint and considers the petition for the election.

Appellants' pleadings further show that, regardless of whether Martinez and Medina were qualified, there was present a legal quorum. If there had not been a legal quorum present then appellants would have grounds for complaint. Thomas v. Abernathy County Line Independent School Dist., Tex.Com.App., 290 S.W. 152.

When the board of trustees met on August 30, 1952, to consider the petition for an election, at the very start of the meeting Leopoldo Martinez tendered his resignation, which was accepted and Armondo Gutierrez appointed in his place, and thereafter there were at least six members of the board present who were qualified to act. The fact that one member present may have been disqualified is immaterial.

Inasmuch as appellants' petition did not state any cause of action over which the trial court had jurisdiction, the court did not err in dismissing appellants' suit.

The judgment is affirmed.