

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

December 28, 1989

Mr. John R. Hale
Commissioner
Credit Union Department
914 East Anderson Lane
Austin, Texas  78752-1699

Opinion No.  JM-1127

Re:  Whether  attendance  of  a
quorum of members of the  Texas
Credit Union  Commission  at  a
board  meeting  of  the  Texas
Share Guaranty Credit Union  is
a "meeting" under article 6252-
17, V.T.C.S.  (RQ-1763)

Dear Mr. Hale:

The Credit Union Commission  is required to  promulgate
reasonable rules requiring  credit unions  to provide  share
and deposit  insurance  protection  for  their  members  and
depositors, "including the  authorization and  establishment
of a share and deposit guaranty corporation or credit  union
under the  exclusive  regulation of  the  department. . . ."
V.T.C.S. art.  2461-11.10(e).  Pursuant  to this  authority,
the commission has established  Texas Share Guaranty  Credit
Union (TSGCU) to provide share and deposit insurance protec-
tion for  Texas-chartered  credit unions.  Rules  governing
its operation are codified  at 7  Texas Administrative  Code
sections 95.1 through 95.507.

The TSGCU is managed by a board of directors,  although
certain of its powers may  be exercised only subject to  the
approval  of  the  credit  union  commissioner.  7   T.A.C.
§§ 95.5, 95.201, 95.310.  Each member of  the Credit  Union
Commission, as well as the commissioner, his representative,
or the  deputy  commissioner,  is permitted  to  attend  any
meeting of  the  board  of  directors  of  the  TSGCU.  Id.
§ 95.204.  You are  concerned about the  effect of the  Open
Meetings Act  when members  of the  Credit Union  Commission
attend meetings  of  the  board of  directors  of TSGCU,  a
separate  body.  You  inquire  whether  the  Credit  Union
Commission would hold a meeting subject to the Open Meetings

Act if a quorum of commissioners were to attend a TSGCU board meeting.[1]

You first ask:

> Would attendance of a quorum of commissioners at TSGCU's board meeting constitute a 'meeting' under the Texas Open Meetings Act?

The definition of "meeting" in the Open Meetings Act states in part:

> 'Meeting' means any <u>deliberation</u> between a quorum of members of a governmental body, or between a quorum of members of a governmental body and any other person, at which any public business or public policy over which the governmental body has supervision or control is discussed or considered . . . . (Emphasis added.)

V.T.C.S. art. 6252-17, § 1(a).

"Deliberation," a key term in the definition of "meeting," is defined as follows:

> 'Deliberation' means a verbal exchange during a meeting between a quorum of members of a governmental body, or between a quorum of members of a governmental body and any other person, concerning any issue within the jurisdiction of the governmental body or any public business.

Id. § 1(b).

---

1. Meetings of the TSGCU board of directors are apparently held in accordance with the law applicable to credit unions, and not the Open Meetings Act. See 7 T.A.C. §§ 95.203, 95.204. Any questions about the establishment and operation of TSGCU are beyond the scope of this opinion.

If a quorum of members of the Credit Union Commission engages in deliberations as defined above, it will be holding a meeting within the Open Meetings Act. Mere physical presence of a quorum of Credit Union Commissioners in the same room without such deliberations does not establish a meeting within the Open Meetings Act. See generally Attorney General Opinion H-785 (1976).

Although you inquire only about the attendance at TSGCU meetings by a quorum of board members, we believe you should also be aware of section 4(b) of the Open Meetings Act, which provides in part:

> Any member or group of members of a governing body who knowingly conspires to circumvent the provisions of this Act by meeting in numbers less than a quorum for the purpose of secret deliberations in contravention of this Act shall be guilty of a misdemeanor . . . . (Emphasis added.)

V.T.C.S. art. 6252-17, § 4(b).

You next ask:

> If the commission has a vacancy, could attendance of a majority of the commission members constitute a quorum? For example if there are at some time only 7 commission members, would attendance of 4 at a TSGCU meeting be a 'meeting'?

As an initial matter, we direct your attention to article XVI, section 17, of the Texas Constitution, which provides as follows:

> All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified.

When deciding whether a vacancy exists, it is necessary to consider the effect of this provision. For example, when an officer resigns and his resignation is accepted, the law operates to continue him in office until his successor qualifies. Jones v. City of Jefferson, 1 S.W. 903 (Tex. 1886); Plains Common Consol. School Dist. No. 1 v. Hayhurst, 122 S.W.2d 322 (Tex. Civ. App. - Amarillo 1938, no writ). Thus, an individual serving on the board in a holdover

capacity under article XVI, section 17, of the Texas Constitution will still have the powers and duties of a board member, and his presence will count toward making up a quorum of the board.

The Credit Union Commission consists of nine members. V.T.C.S. art. 2461-11.01(a). A majority of the membership of the commission constitutes a quorum for the purpose of transacting any business. Id. art. 2461-11.06(b). The quorum of a board remains a majority of the positions authorized for the board, even though there are vacancies. Thomas v. Abernathy County Line Indep. School Dist., 290 S.W. 152 (Tex. 1927); Walker v. Walter, 241 S.W. 524, 528 (Tex. Civ. App. - Fort Worth, no writ); Attorney General Opinion O-761 (1939); Letter Opinion LO-88-45 (1988); see Ramirez v. Zapata County Indep. School Dist., 273 S.W.2d 903 (Tex. Civ. App. - San Antonio 1954, no writ). Thus, five members of the commission constitute a quorum whether or not some positions on the commission are vacant.

Your third question is as follows:

Would a 'meeting' be avoided if no 'deliberation' occurred?

a. If commission members sit silently, does that avoid 'deliberation'?

b. May the commission members ask questions without that constituting 'deliberation'? If so, could a member ask a follow-up question, or would that constitute a 'deliberation'?

c. May a commission member make a statement at the meeting without constituting 'deliberation'?

"Deliberation" is defined in section 1(b) of the act as

a verbal exchange during a meeting between a quorum of members of a governmental body, or between a quorum of members of a governmental body and any other person, concerning any issue within the jurisdiction of the governmental body or any public business.

V.T.C.S. art. 6252-17, § 1(b).

"Verbal" is defined as "of or relating to words." Webster's 3d New International Dictionary 2542 (1961). If members of the Credit Union Commission in attendance at a meeting of the TSGCU engage in a verbal exchange "concerning any issue within the jurisdiction of the governmental body or any public business" they will be conducting delibera- tions. See Attorney General Opinions JM-1058 (1989); JM-248 (1984); MW-417 (1981); MW-28 (1979). Compare Attorney General Opinion MW-390 (1981) with Attorney General Opinion JM-640 (1987). If the credit union commissioners sit silently and engage in no exchanges of words whatsoever, they will not be holding deliberations.

In the other hypothetical situations you pose, one member of the Credit Union Commission addresses a question or statement to the TSGCU board of directors. If other members of the Credit Union Commission follow with their questions or statements to the TSGCU board, the possibility of indirect deliberations between credit union commissioners arises -- that is, deliberations by means of addressing remarks intended for one another to the TSGCU board. Whether sequential questions or statements addressed to the TSGCU board by different commission members constitute deliberations is a fact question that cannot be answered as a matter of law in an attorney general opinion. Nor can we predict when a statement by one credit union commissioner to the TSGCU will elicit an answering statement by another commissioner, so that the commissioners find themselves involved in deliberations without having consciously formed the intent to deliberate.

In considering your hypothetical cases we are mindful of this possibility for indirect deliberations. If a commission member asks a question or makes a statement to the TSGCU board of directors, that alone will not constitute deliberation between or among members of the Credit Union Commission. Nor will there be deliberations because the same commission member asks a follow-up question. If, however, other members of the Credit Union Commission then address their statements or questions to the TSGCU board, a possibility arises that deliberations have taken place.

## S U M M A R Y

If a quorum of members of the Credit Union Commission attends a meeting of the board of directors of the Texas Share Guaranty Credit Union (TSGCU) but does not engage in deli- berations as defined by the Open Meetings

Act, it will not be holding a meeting subject to the Open Meetings Act.

A majority of the membership of the Credit Union Commission constitutes a quorum for the purpose of transacting any business. In the event of a vacancy on the commission, the quorum still consists of a majority of the positions authorized for the board.

If members of the Credit Union Commission present at a meeting of the TSGCU engage directly or indirectly in a verbal exchange "concerning any issue within the jurisdiction of the governmental body or any public business" they will be conducting deliberations as defined by the Open Meetings Act. Indirect deliberations would occur when credit union commissioners speak to the TSGCU board in turn, addressing to it remarks intended for the other commissioners. Whether the commissioners have engaged in deliberations in a given case is a fact question.

Very truly yours,

JIM    MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General