SEAFARERS' WELFARE PLAN, Appellant,

v.

GEORGE E. LIGHT BOAT STORAGE, INC., Appellee.

No. 14756.

Court of Civil Appeals of Texas.

Houston.

April 14, 1966.

Rehearing Denied May 5, 1966.

Newton B. Schwartz, Houston, for appellant.

Robert R. Breaker, La Porte, for appellee.

WERLEIN, Justice.

This suit was brought by appellant, Seafarers' Welfare Plan, against George E. Light Boat Storage, Inc., appellee, on an alleged sworn account. Appellant pleaded that appellee employed persons in its business and that it had theretofore contractually agreed to pay to appellant the sum of $6,896.91 as set forth in the exhibit attached to its petition, and that appellee had promised and contracted to pay appellant a daily sum of money for each day each of its employees performed labor and services and worked for appellee, together with attorney's fees. Trial was to the court without a jury and judgment was rendered that appellant take nothing.

Appellant's petition does not state what Seafarers' Welfare Plan is, but its attorney testified that it was an unincorporated association under New York law, and that one Paul Drozak was a trustee thereof. Said attorney also testified that he was the attorney for appellant and for Seafarers' International Union of North America, Atlantic, Gulf, Lakes and Inland, AFL–CIO, and that he had known Drozak personally since 1962 when he became agent for appellant and also Sea-

farers' International Union, and the Inland Boatmen's Union, for Texas, and that he recognized Mr. Drozak's signature on plaintiff's exhibits 1, 1–A and 3.

At the request of appellant, the court made its findings of fact and conclusions of law. The court found that appellant had failed to show by a preponderance of the evidence any contractual relationship between it and appellee, and concluded that as a matter of law appellee was not indebted to appellant in any amount.

Appellant first complains that the trial court erred in holding that appellant's cause of action is not governed by federal law under the National Labor Relations Act, but by the Texas Business Corporation Act, V.A.T.S., and Texas rules of contract law. The court after making certain additional findings of fact and conclusions of law of a negative nature, which need not be set out in this opinion, concluded that appellant's cause of action is of such character that the federal National Labor Relations Act would be relevant, but not to the exclusion of the Texas Business Corporation Act nor the rules of contract law.

Appellant asserts in its brief that its suit was brought not only on a sworn account but also on a collective bargaining contract between appellee, appellant and the Inland Boatmen's Union of the Seafarers' International Union, Atlantic, Gulf, Lakes and Inland Waters District, AFL–CIO, to recover payments due and owing to appellant during the period from September, 1963 to May 31, 1965. We find no reference in appellant's petition to said Union, which may be referred to herein for brevity as SIU. It is not a party to this suit. Appellant's Exhibit No. 1 appears to be a collective bargaining agreement between SIU and appellee. This agreement is dated March 1, 1962, and appears to have been signed and executed for SIU by Paul Drozak. It is not shown in what capacity he executed such agreement. The agreement also appears to have been executed by appellee with Joe B. Light's signature under its typed name. It is not shown in what capacity Joe B. Light signed. The evidence shows, however, that during the year 1962 Joe B. Light was a vice president of appellee.

Attached to appellant's Exhibit No. 1 is a form of agreement between appellee, SIU and the Board of Trustees of the Seafarers' Welfare Plan. It appears to be a separate form of agreement, and it was also separately introduced in evidence by appellant as its Exhibit No. 3. It provides that the present contribution to the plan will be $1.75 per day per employee for employment after March 1, 1962, and provides that the Seafarers' Welfare Plan trustees are authorized to create a pension fund, and to include an allocation of the total contribution to Seafarers' Welfare Plan between the Welfare Fund and the Pension Fund, and that the trustees of the Seafarers' Welfare Plan are further authorized to amend the trust agreement of Seafarers' Welfare Plan to conform with the trust agreement associated with the Seafarers' Pension Fund to any current collective bargaining agreement, and further states that each signatory company shall make a contribution to the Seafarers' Welfare Plan and that the trustees thereof will allocate a portion thereof to the Seafarers' Welfare Fund and a portion to the Seafarers' Pension Fund as they deem advisable. This instrument is dated May 2, 1962. It appears to have been executed for SIU by Paul Drozak, Agent. The other name appearing thereon is George E. Light Boat Stg., Inc., by Joe B. Light, vice president and secretary. The evidence shows that Joe B. Light was not the secretary of appellee. The name "Seafarers' Welfare Plan" is also typed on this instrument but it has not been signed or executed by Seafarers' Welfare Plan. No explanation is given by appellant as to why Seafarers' Welfare Plan did not execute the instrument.

■ Drozak signed for the Union the collective bargaining agreement between SIU and appellee, which was entered into on March 1, 1962, and he also signed for the Union the one-page instrument dated May 2, 1962, appellant's Exhibit No. 3, designating himself as Agent for the SIU, although he did not state in what capacity he signed the collective bargaining agreement. He also appears to have signed as of February 7, 1964 for SIU an agreement which appears to have been signed on February 26, 1964 by appellee by its president, George E. Light. This instrument, which undertakes to change the contributions to the Seafarers' Welfare Plan to $1.95 per day per employee for employment after March 1, 1964, was not signed or executed by appellant. The trial court found as a fact that appellant failed to show by a preponderance of the evidence any contractual relationship between it and appellee, and hence the court concluded as a matter of law that appellee was not indebted to appellant in any amount. Appellant sued and relied upon a contract between it and appellee to establish that the amount sued for was due it from appellee. It failed to meet the burden of establishing that there was such contract. It failed, therefore, to establish any basis for its alleged sworn account and claim, even assuming that such unitemized claim could be considered a sworn account. We cannot say that the trial court erred in his finding of fact.

It should be noted here that appellant failed to obtain the testimony of Drozak either in person or by deposition, and failed to introduce any evidence that there was any oral or written agreement between the three parties which was entered into by them all. It merely introduced in evidence a one-page incomplete agreement which was not executed by Seafarers' Welfare Plan. Drozak, who signed the agreement for the Union as its alleged agent, was not present at the trial, and, as stated, did not testify. There is nothing to show that there was any oral agreement between the parties prior to the incomplete written form of agreement. There is no evidence that appellant consented to the terms of the written agreement which it did not execute, nor that there was any meeting of the minds of the three parties involved or any promise or obligation mutually binding on all three of them to do anything. Appellant complains that the court's finding is not supported by any evidence and also that such finding is against the great weight and preponderance of the evidence. It is our view that there is evidence which supports the court's finding. We have read the entire statement of facts. We are unable to say that the court's finding is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

■ Appellant's pleading is very general and indefinite with respect to any contract entered into by anybody. It has merely alleged that appellee employed persons and had theretofore contractually agreed to pay to Seafarers' Welfare Plan the sum of money set forth in its exhibit. Appellant has not pleaded ratification with respect to any contract although in its argument before this Court it undertook to assert that even if the contract was incomplete it was consented to and ratified. The law is well settled that a void contract is no contract at all and cannot be ratified, and that it binds no one and is a mere nullity. 17 Am.Jur.2d, p. 342, Contracts, Sec. 7, and authorities cited. A fortiori, ratification cannot make a contract out of what is no contract at all

■ Furthermore, it is our view that the evidence does not support ratification of such contract even . if it were capable of being ratified. Appellant introduced a letter, its Exhibit No. 5, addressed by appellee's office manager, C. B. Henry, to Seafarers' International Union, in Brooklyn, New York, dated July 13, 1962, enclosing a check in the sum of $608.40 to cover amount due for welfare fund

for certain named employees who had worked a certain number of days during May and June, 1962. This check was not paid to Seafarers' Welfare Plan but to the Union, although it states it is to cover the amount due for Welfare Fund. There is nothing in the record to show that such money was turned over to Seafarers' Welfare Plan by the Union or that such amount was accepted by appellant. But even if we assume that the Union did turn the amount over to the Welfare Fund, and if we further assume that the Welfare Fund is the same and identical party as Seafarers' Welfare Plan, such payment would not constitute the execution by appellee of a new contract nor would it create an obligation on the part of appellee to make such payments in the future. It has been held that payment by councils of a borough, for some years, for water actually furnished under a void contract creates no contract to accept and pay for it in the future. Milford v. Milford Water Company, 124 Pa. 610, 17 A. 185, 3 L.R.A. 122. It is our view that the same rule of law would apply in case of payments made when there is no contract whatever.

Appellant in its brief has several assignments complaining that the court erred in finding that George E. Light had no implied or apparent authority to negotiate and execute the collective bargaining agreement with appellant. The evidence shows that George E. Light did not sign any collective bargaining agreement. The only collective bargaining agreement in the record is that between the Union and appellee, which was executed by Drozak for the Union and by Joe B. Light for appellee. Appellee asserts, however, that Joe B. Light had no authority from the board of directors of the company to execute the collective bargaining agreement. It is our view that it is not necessary for this Court to determine whether or not there was a valid collective bargaining agreement entered into by the Union and appellee. Appellant was not a party to the collective bargaining agreement and as stated there

was no collective bargaining agreement between appellant and appellee. Appellant in its petition does not set out or rely upon any collective bargaining agreement to which it was a party. Moreover, the only collective bargaining agreement in the record makes no reference to or provision for the Seafarers' Welfare Plan.

Mr. George Light, who was subpoenaed to bring to court the payroll records of all appellee's employees with a schedule prepared by appellee's attorney summarizing the names of such employees and the days they worked for the period from September 1, 1963 through February, 1965, testified that Plaintiff's Exhibits 4 and 4-A were prepared by said attorney with the full use and assistance of the payroll records, which were voluminous, and he would say that they accurately showed the names of the employees and the days they worked. Said exhibits were introduced in evidence. Appellee's attorney testified that said exhibits show the number of days that each employee worked for appellee during such period, "and the total man-days at the end of each month, and then, daily welfare rate is computed on the basis of what I have been told contracts said."

Appellant contends that Exhibits 4 and 4-A constitute an admission by appellee that it owed appellant the amount shown in such exhibits. The exhibits were prepared in connection with the subpoena issued to Mr. Light to produce the company's records and summarized statement showing the names of its employees and the number of hours they worked. The number of days was apparently multiplied by the rate shown on the one-page incomplete forms of agreement in order to show the total amount that would be due under the agreements which had not been executed by appellant and the validity of which was denied by appellee. The exhibits, however, do not show that any amount was due Seafarers' Welfare Plan for such period of time. It is true that at the foot of Exhibit 4 it is shown the total man-days and total welfare dollars ar-

rived at by multiplying the number of days by the welfare rate stated in Exhibits 1–A and 3. There is shown at the foot of Exhibit 4–A a similar calculation for the period from September 1, 1963 through February 28, 1965, and the total due "Welfare Fund" in the amount of $4,671.30.

This Court has no way of knowing what the so-called Welfare Fund is. As stated, these exhibits do not show that any amount is due Seafarers' Welfare Plan. The record shows that the Welfare Fund is not the same as the Seafarers' Welfare Plan since the one-page incomplete agreements show that the Seafarers' Welfare Plan can allocate certain funds to the Seafarers' Welfare Fund and a portion to the Seafarers' Pension Fund.

■ It is our view that these exhibits do not constitute an admission on the part of appellee that anything was due appellant, Seafarers' Welfare Plan. Appellee's obedience to the subpoena in producing the exhibits which merely show the names of employees and the days they worked, with such man-days multiplied by the rate shown in the incomplete contracts, with total due Welfare Fund, fails to show any amount due Seafarers' Welfare Plan, an entirely different entity. There is further confusion in the record in that it appears that appellant made a request for additional findings of fact and conclusions of law by the court, but such request is not included in the transcript, and we have no means of knowing what appellant did request other than what we may presume in some instances from the negative findings and conclusions of the court. The court does state, however, in its findings that appellant's Requests Nos. 8 and 9 have asked for a consideration by the court in a matter that is evidentiary and not an ultimate issue of fact. We do not know what evidence the court refers to since the requests are not of record. Under these circumstances, it is impossible for this Court to say that the trial court's

finding and conclusion that appellee is not indebted to appellant in any amount, is not supported by evidence; nor can we say that such finding and conclusion is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. We, therefore, affirm the judgment of the Trial Court.

Affirmed.

On Motion for Rehearing

■ We have carefully considered appellant's motion for rehearing and the supplemental transcript containing its request for additional findings of fact and conclusions of law by the trial court, which transcript by permission of this Court was filed subsequent to handing down the foregoing opinion. Such request for additional findings of fact and conclusions of law, and the court's findings and conclusions in response thereto, do not throw any additional light upon the case, nor do they in any way affect our holding.

Appellant's motion for rehearing is overruled.