**THE ATRIUM, Appellant,**

v.

**KENWIN SHOPS OF CROCKETT, INC., Appellee.**

**No. A14–82–765CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 26, 1984.

Rehearing Denied March 8, 1984.

Paul Kruse, Betts & Kruse, Brenham, for appellant.

Stephen P. Wright, Ross, Banks, May Cron & Cavin, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

This case involves summary judgments sought by both parties in a retail lease dispute. The Atrium Partnership (appellant or lessor) appeals from a summary judgment granted to Kenwin Shops of Crockett, Inc. (appellee or tenant). Appellant claims that the trial court erred both in granting appellee's motion for summary judgment and in not granting its own motion for summary judgment. We conclude that neither summary judgment was proper because there are material issues of fact to be decided. The judgment is reversed and the cause remanded.

This dispute concerns retail space which the tenant leased in 1976 for a term of five years to September 30, 1981, with an option to renew for an additional five years. In January, 1980, lessor purchased the building in which this space was located. Lessor thereafter planned to do extensive renovation in the building and requested that tenant relocate after completion to a newly renovated area of the building. Appellee agreed, and the parties evidenced their discussions in this matter by a "letter agreement" dated February 22, 1980. The disputed portion of this agreement stated that the agreement between appellant and appellee would be "null and void" if appellee's new portion of the building was not fully completed so that the tenant could move in and commence business by August 31, 1980. The space was not completed by that date. In fact, appellant was not able to move from the old space to the new until approximately six months later on March 9, 1981. Six months after moving into the new space, on September 9, 1981, the tenant tendered, and the lessor accepted, the additional rental specified under the letter agreement of February 22, 1980. In October, 1981, lessor first expressed doubt as to the validity of the letter agreement. Then, in March of 1982, lessor filed a petition for declaratory judgment, requesting that the court declare the letter agreement to be null and void as called for by its literal

terms. In response, tenant claimed that the lessor ratified the agreement and was estopped from asserting the "null and void" provisions since it had accepted the increased rentals and permitted tenant to occupy the renovated premises. Lessor filed a motion for summary judgment on the contract. Tenant, in turn, opposed it and filed its motion for summary judgment based on affirmative defenses. The court ruled that any conditions in the agreement had been waived and that the parties had ratified the contract by their continuing course of conduct.

■ Appellant-lessor now complains that the trial court erred in refusing to grant its motion for summary judgment; and, likewise, by granting that of appellee-tenant. In this regard, when dual summary judgment motions are before the trial court, who grants one and overrules the other, then we may, of course, determine on appeal the propriety of the court's ruling on each. *See Crystal City Indep. School Dist. v. Crawford*, 612 S.W.2d 73, 74 (Tex. Civ.App.—San Antonio 1980, writ ref'd n.r. e.). *See also* Hittner, *Summary Judgments in Texas*, 35 Baylor L.Rev. 207, 226–27 (1983). Here, the summary judgment motions are interdependent. The lessor's involves a question of law; the tenant's, primarily a question of fact. More specifically, lessor's motion for summary judgment is based on a strictly legal interpretation of an unambiguous contractual clause which provides that the contract will be null and void on the happening of a certain event. Without more, lessor's summary judgment would prevail because the event occurred. Its survival is, however, dependent upon the outcome of tenant's motion for summary judgment, which concerns affirmative defenses to the concerned contractual clause. These defenses are waiver, estoppel, and ratification, and they must be established by favorable fact findings in a regular trial. However, in order for these defenses to prevail in a summary judgment proceeding, as here, the court must find that they are conclusively established as a matter of law. We disagree with the trial court's so finding here, and

hold that tenant's summary judgment evidence was not conclusive, but merely raised fact questions sufficient to defeat lessor's motion for summary judgment.

■ While the law is clear that the moving party must establish as a matter of law that there are no genuine issues of fact in order to uphold a summary judgment, it is equally clear that the non-movant may raise genuine issues of fact through an affirmative defense. *See Wesson v. Jefferson Sav. & Loan Ass'n*, 641 S.W.2d 903 (Tex.1982); *Stevenson v. Reese*, 593 S.W.2d 828, 830–31 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). In response to lessor's motion for summary judgment, tenant produced an affidavit indicating that tenant moved into the new space, stayed there for several months, and tendered an increased rent payment under the terms of the concerned letter agreement. It was not until a month after the rental payment that lessor began to express doubts as to the validity of the agreement. Clearly, this raised a genuine issue of material fact as to whether lessor acted inconsistently with its contention that the contract was void, thereby waiving that provision of the contract. *See Bocanegra v. Aetna Life Ins. Co.*, 605 S.W.2d 848, 851 (Tex.1980).

Further, we find that such actions also raised a fact issue as to whether lessor ratified the agreement. Lessor, however, argues that, because the property was not available on the date specified in the agreement, the entire agreement then became null and void, and therefore could not be ratified. Lessor further contends that it merely permitted tenant to occupy the new premises because, in reality, it could not ratify a void contract. *See Seafarers' Welfare Plan v. George E. Light Boat Storage, Inc.*, 402 S.W.2d 231, 234 (Tex.Civ. App.—Houston 1966, writ ref'd n.r.e.). However, we find no reason to treat this clause differently from any other contract provisions. Clearly tenant's summary judgment evidence raised an issue as to whether lessor assented to tenant's conduct and thereby ratified the provisions of

the agreement. It thus becomes a fact question of lessor's intent. Accordingly, we hold that the trial judge properly overruled lessor's motion for summary judgment.

We now address the issue of whether the trial court properly granted tenant's motion for summary judgment. When a defendant moves for summary judgment on the basis of an affirmative defense, he must conclusively prove all essential elements of that defense. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). This burden is particularly onerous in the case of waiver and ratification. Waiver is usually a question of fact, especially where the intent of the parties is in issue. *Merbitz v. Great Nat'l Life Ins. Co.*, 599 S.W.2d 655, 658 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.). Similarly, ratification also hinges on a question of intent. *See Sawyer v. Pierce*, 580 S.W.2d 117, 123 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). Here we find that although lessor did permit the tenant to move in and occupy the leased premises, there is some question as to whether this was intended as a tenancy-at-will, under the terms of the previously existing lease, or a tenancy under the terms of the letter agreement here in dispute. Tenant's affidavit in support of its motion for summary judgment indicates that it first tendered rents as due under the letter agreement in September, 1981. In October, 1981, the lessor did finally question the validity of the letter agreement. While this position may have been asserted too late to be effective, this was by no means conclusively established and all evidence pertaining thereto should have been submitted to the fact finder.

Additionally, the letter agreement specifically stated that lessor was to notify tenant in writing when the building was ready for occupancy. This notification was never made, although tenant, after moving in, inquired as to "when and if the signed agreement [went] into effect." This also raises an issue as to the type of tenancy intended. Because these matters are not adequately addressed, we hold that appellee-tenant has failed to meet the stringent evidentiary test for upholding its motion for summary judgment.

We therefore hold that neither summary judgment was proper under the evidence presented, and that appellee-tenant's summary judgment evidence simply raised fact questions, which must now be fully developed at trial. Accordingly, the judgment of the trial court is reversed and the cause remanded.