Rosauro VILLAREAL, Appellant,

v.

STEVE'S AND SONS DOORS, INC., Appellee.

No. 04–03–00947–CV.

Court of Appeals of Texas, San Antonio.

May 12, 2004.

Victor O. Enriquez, Law Office of Victor O. Enriquez, Wallace T. Jacobs, San Antonio, for appellant.

Jeffrey T. Harvey, Karen Monsen, Jackson Walker L.L.P., San Antonio, for appellee.

Sitting: PAUL W. GREEN, Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

In 2001, the Texas Legislature amended section 406.033 of the Texas Labor Code to provide that any agreement by an employee to waive a cause of action against a non-subscribing employer for an injury sustained in the course and scope of employment is void and unenforceable if the agreement is made before the employee sustains the injury. TEX. LAB.CODE ANN. § 406.033 (Vernon 2004). The amendment was in response to the Texas Supreme Court's decision in *Lawrence v. CDB Servs., Inc.*, 44 S.W.3d 544 (Tex.2001), holding that agreements containing such waivers are not prohibited by law. The sole issue presented in this appeal is whether the 2001 amendment applies retroactively, making an agreement signed by an employee before the effective date of the amendment void and unenforceable.

The answer to this question was addressed by the Texas Supreme Court in *Storage & Processors, Inc. v. Reyes*, 134 S.W.3d 190, 192 (Tex. 2004). In *Reyes*, the court was addressing the validity of a waiver provision contained in an agreement signed on October 22, 1993. *See id.* at 191. The employee in *Reyes* was injured on April 13, 1995. *See id.* Noting the 2001 amendment, the Texas Supreme Court stated, "Both parties concede that our decision in *Lawrence* governs this case. Although the Legislature ten weeks later amended the Labor Code to prohibit pre-injury waivers, Tex. Lab.Code § 406.033(e), *Lawrence* remains the law for those claims, like Reyes', brought by workers who both signed non-subscriber agreements and suffered injury before September 1, 2001." *Id.* at 192. Therefore, the Texas Supreme Court has determined that the 2001 amendment is not to be applied retroactively to an agreement signed by an employee before the amendment if the employee also was injured before the effective date of the amendment.

In applying the statement made in *Reyes* regarding the continuation of the law announced in *Lawrence*, however, we

are concerned about the date referenced by the court in *Reyes*. House Bill 2600, which contains the amendment to section 406.033, provides the following with regard to the effective date of the amendment:

SECTION 17.02. Except as expressly provided, this Act takes effect immediately if it receives a vote of two-thirds of all the members elected to each house, as provided by Section 39, Article III, Texas Constitution. Except as otherwise provided by this Act, if this Act does not receive the vote necessary for immediate effect, this Act takes effect September 1, 2001.

Act of June 17, 2001, 77th Leg., R.S., ch.1456, §§ 17.01 & 17.02, 2001 Tex. Gen. Laws 5196. After setting forth the vote in each house, which exceeded two-thirds of all the members elected to each house, House Bill 2600 provides that its effective date is June 17, 2001. Act of June 17, 2001, 77th Leg., R.S., ch. 1456, 2001 Tex. Gen. Laws 5196. Based on this information, we must conclude that the date contained in the Texas Supreme Court's decision in *Reyes* is a typographical error, and the court meant to hold that *Lawrence* remains the law only for those claims brought by workers who both signed non-subscriber agreements and suffered injury before June 17, 2001.

In this case, the employee signed the agreement before June 17, 2001; however, the employee was injured on July 21, 2001, after the effective date of the amendment. The trial court granted summary judgment in favor of the employer, concluding that the waiver provision was enforceable. Based on the Texas Supreme Court's decision in *Reyes* and section 406.033, we disagree and conclude that the agreement containing the waiver provision was void and unenforceable. Accordingly, the trial court's judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.