**Motions for Rehearing Denied, Motion for Reconsideration En Banc Dismissed as Moot, and Supplemental Opinion filed December 6, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-16-00116-CV

---

## OSAMA ABDULLATIF AND ALI MOKARAM, Appellants

## V.

## ALI CHOUDHRI AND MOKARAM LATIF WEST LOOP, LTD., Appellees

---

**On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2012-27197**

---

## SUPPLEMENTAL MAJORITY OPINION

We issue this supplemental opinion to address cases cited in appellee Ali Choudhri's motion for rehearing. Finding no merit in that motion or in the motion for rehearing filed by appellants Osama Abdullatif and Ali Mokaram (collectively the "Latif Parties"), we deny these motions. These rulings render moot the Latif Parties' motion for reconsideration en banc.

In his motion for rehearing, Choudhri cites *The Atrium v. Kenwin Shops of Crockett, Inc.*, a case from this court, for a holding that parties to a lease could ratify by their conduct a lease even after the lease had become "null and void" under a lease provision. *See* 666 S.W.2d 315, 317–18 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). In its brief analysis, the *Atrium* court cited no case in support of its conclusion. *See id*. We presume for argument's sake that the *Atrium* court held that parties to a lease can ratify by their conduct a lease even after the lease has become "null and void" under a lease provision using the plain, ordinary, and generally accepted meaning of the phrase "null and void." *See id*.

Even under this presumption, the *Atrium* court's holding does not bind this panel because the holding conflicts with Supreme Court of Texas precedent under which the plain, ordinary, and generally accepted meaning of the term "void" is "entirely null, not binding on any party, and not susceptible of ratification or confirmation." *See Brazzel v. Murray*, 481 S.W.2d 801, 803 (Tex. 1972) (relying on precedent in *Murchison v. White*, 54 Tex. 78, 81 (Tex. 1880) for the proposition that a void act is entirely null, not binding on either party, and not susceptible of ratification or confirmation); *Rue v. Missouri Pac. Ry. Co.*, 8 S.W. 533, 535 (Tex. 1888) (stating that "[n]o acts of ratification can validate or make effective that which is void" in a case involving a void lease or contract); *Murchison v. White*, 54 Tex. 78, 81 (Tex. 1880) (stating that "[a] void act is one entirely null within itself, not binding on either party, and which is not susceptible of ratification or confirmation. Its nullity cannot be waived."); *Cummings v. Powell*, 8 Tex. 80, 85 (Tex. 1852) (stating that "[a] void act . . . is one which is entirely null, not binding on either party, and not susceptible of ratification; and a voidable act is one which is obligatory upon others until disaffirmed by the party with whom it originated

2

and which may be subsequently ratified or confirmed"). No panel of this court is bound by a prior holding of another panel if, as with *Atrium*, the prior holding conflicts with an on-point precedent from the supreme court. *See Glassman v. Goodfriend*, 347 S.W.3d 772, 781 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc). To the extent the statements in the cited cases were not necessary to the supreme court's disposition of the case, the high court made the statements deliberately and for future guidance in the conduct of litigation, so these statements constitute judicial dicta binding on this court. *See Allstate County Mutual Ins. Co. v. Wootton*, 494 S.W.3d 825, 834 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). Thus, even if the *Atrium* court held that the contracting parties can ratify by their conduct a lease after the lease had become "null and void" under a lease provision using the plain, ordinary, and generally accepted meaning of that phrase, any such holding does not bind this court. *See Brazzel*, 481 S.W.2d at 803; *Rue*, 8 S.W. at 535; *Murchison*, 54 Tex. at 81; *Cummings*, 8 Tex. at 85; *Glassman*, 347 S.W.3d at 781; *The Atrium*, 666 S.W.2d at 317–18. Duty-bound to follow the supreme court's precedent, we conclude the *Atrium* case provides no basis for rehearing relief.

In his motion for rehearing, Choudhri also cites *Humble Oil & Refining Company v. Clark* for the proposition that a void instrument can be made valid by adoption, ratification, or confirmation. *See* 87 S.W.2d 471, 474 (Tex. 1935). The *Clark* case does not support this proposition. *See id*. In *Clark*, the supreme court presumed that a 1928 oil and gas lease was void. *See id*. at 472. The *Clark* court then examined whether a 1930 oil and gas lease was valid. *See id*. Except for a few changes, the language of the 1930 lease mirrored the language of the 1928 lease, including a statement that the lease was made in 1928. *See id*. The lessors signed the second lease in 1930. *See id*. The supreme court determined that the

3

terms of the 1930 lease were valid, even though one part of the lease incorrectly recited that it was made in 1928. *See id*. at 473–74. The high court concluded that the 1930 lease's use of the terms from the void 1928 lease did not make the 1930 lease void. *See id*. at 474. The *Clark* court discussed a fact pattern in which one instrument is void and a second instrument is then validly executed to effect the transfer that the void instrument failed to accomplish. *See id*. The *Clark* court indicated that, if the part of the first instrument that made the instrument void was not present in the later instrument, then the latter's use of the terms of the void instrument does not make the second instrument void or invalid. *See id*. The *Clark* court did not state that a void instrument can be made valid by adoption, ratification, or confirmation. *See id*.

We stated on original submission that if, after October 2010, Latif and Mokaram both approved an assignment of all of Mokaram's membership interest in Mokaram-Latif General, LLC to Choudhri, the proper course under the company agreement would have been to document this approval and have Mokaram execute another assignment document that would not be null and void *ab initio*. *See Abdullatif v. Choudhri*, No. 14-16-00116-CV, 2018 WL 1559995, at *14 (Tex. App.—Houston [14th Dist.] Mar. 30, 2018, no pet. h.). This statement is consistent with the *Clark* court's analysis. *See Clark*, 87 S.W.2d at 472–74. The *Clark* case provides no reason to depart from the analysis in our original opinion or to grant any relief on rehearing.

## Conclusion

In sum, we conclude that the arguments in Choudhri's motion for rehearing and the arguments in the Latif Parties' motion for rehearing lack merit. Accordingly, we deny these motions. And, we dismiss as moot the Latif Parties'

4

motion for reconsideration en banc.

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Busby and Wise.

(Justice Wise respectfully dissents to the Supplemental Majority Opinion for the reasons expressed in the Dissenting Opinion he filed in this case on March 30, 2018. Justice Wise would grant appellants' motion for rehearing).